# Home Protective Savings & Loan Assn., to use, v. Kefalas et ux.

*Rowley & Smith*, for plaintiff.
*William S. Doty*, for Price Administrator.

READER, P. J., July 12, 1943.—The above-entitled case is before us on a motion to strike off the judgment. The judgment was entered under and by virtue of a warrant of attorney contained in a lease from Home Protective Savings & Loan Association to Steve Kefalas and Katherna Kefalas, dated February 27, 1941. The lease demised to the lessees certain premises in the Borough of Ambridge, Beaver County, Pa., for a term of one month beginning April 1, 1941, and thereafter from month to month. Judgment was entered upon the lease on April 13, 1943. The motion to strike off the judgment was filed in open court on May 25, 1943, at the time that the proceeding for the dispossession of defendants was heard. The motion to strike off was made by William S. Doty, Esq., attorney for the Office of Price Administration.

The lease upon which judgment was entered contains the following provision with reference to delivery of possession of the premises at the end of the term:

". . . and at the end of the term to deliver up quiet and peaceable possession of the same in good repair

(accident by fire excepted) without any further notice from the said lessor."

It also contains a warrant of attorney for the confession of judgment in the following terms:

"And in case of violation of any of the covenants and agreements made by said lessee, then the said lessee hereby authorizes and empowers any attorney to appear in the Court of Common Pleas of any county and confess a judgment against him and issue fieri facias for the amount due according to the terms of this lease, with costs of suit or suits and ten per cent attorney's commission, without leave of court; and in case of the violation of any of said covenants or agreements by said lessee the said lessee further, at the option of the said lessor, authorizes and empowers any such attorney, either in addition to, or without such judgment, for the amount due according to the terms of this lease, to appear and confess judgment against him in an amicable action of ejectment for the premises above described, and authorizes the immediate issue of a writ of habere facias possessionem, with clause of fieri facias for the amount of such judgment and costs, without leave of court."

The warrant of attorney, as quoted, authorizes the entry of judgment for any rent due and also authorizes the entry of judgment in an amicable action of ejectment for the leased premises. The judgment actually entered is a judgment in ejectment for the leased premises, and not a money judgment. This appears from the sixth paragraph of the statement filed with the lease and confession of judgment, as well as from the confession itself.

In confessing judgment under such a warrant of attorney it is essential that the confession of judgment be accompanied by a specific averment of default within the terms of the lease itself. The rule of law is thus stated in the case of Kolf v. Lieberman et al., 282 Pa. 479, 482:

"In entering judgment under a warrant of attorney it is a well-settled rule that the authority given thereunder must be strictly followed or the judgment cannot be sustained. In the present case, the bond was to secure the payment of the principal debt in designated mortgages 'at the time and in the manner as in said mortgages stipulated,' and the warrant authorized any attorney of record to enter judgment 'after default.' No averment of default was filed nor is there anything tending to indicate such delinquency. The bond showed on its face that one of the mortgages was dated August 19, 1924, the same date on which the bond was executed, and became payable in one year, while the other was dated July 3, 1924, and nothing appears to show when it became due. Accordingly, on the face of the record, no default is apparent. Under these circumstances it was necessary, before a valid judgment could be entered, to file an averment stating in what respects a default had occurred."

This statement of the law is quoted with approval and followed in the case of Hogsett v. Lutrario, 140 Pa. Superior Ct. 419. The latter case also cites other cases in support of the rule of law thus stated.

One of the grounds set forth in the motion to strike off the judgment is in effect that there is no averment in connection with the confession of judgment of any such default as would support the judgment. The only averment in the nature of an averment of default in the statement accompanying the confession is found in the fifth paragraph of the statement, which reads as follows:

"5. The defendants were given notice on October 29, 1942, to vacate the premises on or before December 1, 1942. The term having expired, notice having been given and the parties having failed to vacate the premises, the landlord desires to declare a default under the terms of the lease and pursue the remedies therein contained for the securing of possession."

It is contended by counsel for the Office of Price Administration that the default so averred is not such a default as justifies the entry of judgment under the lease. This involves a consideration of the Act of Congress, approved January 30, 1942, known as the Emergency Price Control Act of January 30, 1942, 56 Stat. at L. 23, and of the regulations issued by the administrator under the provisions of said act. The regulation particularly involved is that designated as Maximum Rent Control No. 28, issued June 25, 1942, and effective July 1, 1942. This regulation was amended by supplemental regulations effective October 20, 1942. We have accepted the statute and the regulations under it as constitutional and as effective in passing upon the relations of landlords and tenants. The position of the court in this respect was stated in the opinion of Judge Wilson, dated May 11, 1943, in the case of Home Protective Savings & Loan Assn. v. Robinson et ux., 47 D. & C. 505.

Section 6(a) of the regulations effective July 1, 1942, provides, in effect, that no tenant shall be removed from any housing accommodation by reason of the expiration of the term of the lease under which he holds possession. This provision is followed by six numbered paragraphs in the same section stating exceptions to the general rule first stated. If the facts present a situation within any one of these six paragraphs, the tenant may be evicted in a proper proceeding. If the default on the part of the tenant is failure to remove at the termination of his lease, the averment of such default is not sufficient to support a judgment in ejectment unless accompanied by further averments bringing the conduct of defendant within any one or more of the six exceptions referred to. In the instant case there is no averment, accompanying the confession of judgment upon the lease, of any default within the provisions of section 6 of the regulation referred to.

We are satisfied, therefore, that the record of the judgment is not self-supporting under the decisions hereinbefore cited: Kolf v. Lieberman et al.; Hogsett v. Lutrario. It is true that in the præcipe for the writ of habere facias possessionem there is an averment that the plaintiffs acquired title prior to October 20, 1942, and are seeking to recover possession of the premises for their own immediate use and occupancy as a dwelling. This præcipe was filed on May 14, 1943. A similar averment is found in the citation issued on May 14, 1943. We are satisfied, however, that these averments cannot have the effect of supporting the judgment entered more than one month prior thereto. The notice referred to in the fifth paragraph of the statement, above quoted, is simply a general notice to surrender possession within 30 days, without averring any of the grounds justifying eviction set out in section 6 of the regulation above referred to.

Another reason alleged in support of the motion to strike off the judgment is the failure of the landlord to give to the tenants the ten days' notice required by the amendments to the Maximum Rent Regulations, which became effective October 20, 1942. The evidence presented at the hearing tended to show an attempt to comply with these requirements. We think it is unnecessary to consider this phase of the case in view of the conclusion stated as to the effect of the failure to aver a default within the provisions of the law.

For the reasons hereinbefore stated we are satisfied that the judgment must be stricken off.

### Order

Now, to wit, July 12, 1943, it is hereby ordered, adjudged, and decreed that the above-entitled judgment is void for the reasons set out in the foregoing opinion, and the same is hereby stricken off.