## Bellevue Borough, Appellant, v. Hallett.

*Judgments—Warrant of attorney to confess—Exhaustion of power—Striking out second judgment—Practice, C. P.*

A power to confess judgment authorized by a warrant of attorney is exhausted by entering a judgment thereon, and a subsequent judgment entered on the same warrant after the prior · judgment has been stricken off for irregularities appearing on the face of the record, will be struck off upon petition.

Argued Oct. 23, 1911. Appeal, No. 149, Oct. T., 1911, by plaintiff from order of C. P. No. 4, Allegheny Co., Third T., 1911, No. 222, striking off judgment in case of Borough of Bellevue v. Ebenezer Hallett. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART, and MOSCHZISKER, JJ. Affirmed.

Petition to vacate a judgment entered D. S. B. Before COHEN, J.

It appeared from the record that the plaintiff borough had undertaken to enter a judgment by confession against the defendant at No. 117 Second T., 1911, D. S. B. on the warrant contained in a contract between plaintiff and defendant in which proceeding a statement of claim was filed but by mistake no formal confession of judgment was filed, for which reason the judgment was subsequently stricken off upon motion. The plaintiff then filed a new statement of claim and a formal confession of judgment upon the same warrant and for the same debt as that involved in the former irregular proceeding.

The court below filed the following opinion sur petition to strike off the judgment:

"We have studiously applied the case of Philadelphia v. Johnson, 208 Pa. 645, to the facts in this case, but cannot construe it in favor of the plaintiff as so ably

urged in his brief. It is true the Court therein substantially states that when the purpose of the power has been fully executed by its accomplishment, it is exhausted and the authority ends when nothing remains to be done in pursuance thereof. This language apparently has reference to the purpose of the warrant being accomplished—that is, the act of confessing judgment, which is its only object—and not to the purpose of the contract or anything connected with it. The power in this case was perfectly executed the moment the first judgment was confessed on January 25, 1911, and became the subject of review by the Court, by reason of any existing facts "not entering into the mere act of execution." An application was made and this Court, after argument and due consideration, made absolute the rule to strike off the first judgment entered on January —, 1911. True this was done because of irregularities appearing on the face of the record, but the power authorized by the warrant had nevertheless been exhausted. We cannot breathe into it the breath of life in view of the unbroken line of decisions sustaining this construction, down to the latest case of Commonwealth v. Massi, 225 Pa. 548, which approved the case of Philadelphia v. Johnson, 208 Pa. 645, cited by plaintiff in support of his argument, but which we are unable to construe in any other way but as being against plaintiff's position, all the other cases are so evident as not to require citation.

"The petition and rule to strike off this second judgment, entered on May 24, 1911, is therefore made absolute."

*Error assigned* was in making absolute rule to strike off judgment.

*W. S. Dalzell,* with him *David L. Starr,* for appellant.

*George H. Quaill,* for appellee.—If any use is made

in any manner or at any time of the warrant of attorney or the instrument containing the warrant of attorney by which a judgment has been entered, no second use can be made of the same warrant. Ulrich v. Voneida, 1 P. & W. 245; Martin v. Rex, 6 S. & R. 296; Neff v. Barr, 14 S. & R. 166; Adams v. Bush, 5 Watts 289; Ely v. Karmany, 23 Pa. 314; Banning v. Taylor, 24 Pa. 297; Osterhout v. Briggs, 37 Pa. Super. Ct. 169; Philadelphia v. Johnson, 208 Pa. 645; Commonwealth v. Massi, 225 Pa. 548.

PER CURIAM, January 2, 1912:

The judgment of the Common Pleas appealed from is affirmed on the opinion of that court.