## Mars National Bank *v.* Hughes, Appellant.

*Judgments—Warrants of attorney to confess judgments—Correction of errors and mistakes—Amendments—Practice, C. P.*

1. After a judgment has been confessed by virtue of a power of attorney the warrant becomes functus officio. Neither the court, the prothonotary, nor the attorney who confessed the judgment has power to do any act which would have the effect of giving vitality to the exhausted power.

2. For errors in the entry of such a judgment or for the correction of clerical mistakes, application should be made to the court to correct the original judgment so as to make it conform to the facts, not to enter a new judgment.

3. Where a judgment was confessed by virtue of a warrant of attorney but, through a clerical error, for a smaller sum than the note and warrant of attorney authorized, and the court allowed

224 MARS NATIONAL BANK *v.* HUGHES, Appellant.

the plaintiff to amend his declaration, and confession of judgment, and entered an amended judgment for the proper sum, the first judgment was merged in the second which was irregular and voidable, but as it appeared that the amended declaration was sufficient to sustain an action on the note, an order was entered directing the court below to open the judgment so as to let the defendant into a defense.

Argued Oct. 22, 1912.   Appeal, No. 58, Oct. T., 1913, by defendant, from order of C. P. Allegheny Co., Oct. T., 1912, No. 601, refusing to open a confessed judgment in case of Mars National Bank, a corporation, v. Benjamin W. Hughes.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ.   Reversed.

Rule to open judgment confessed by virtue of a warrant of attorney.

From the record it appeared, that by virtue of a warrant of attorney judgment for $6,085.27 had been entered by confession against the defendant on a note for $6,000.00; the judgment included debt, interest, attorney's commission and costs; thereafter defendant petitioned for a rule to open the judgment. The judgment plaintiff petitioned for leave to amend his declaration and the confession of judgment, and for an amendment of the judgment so that it should include the sum of $302.75, attorney's commission for collection which had been computed erroneously at $30.27 instead of $302.72. An amended declaration for $6,357.72 with an amended confession of judgment was attached to the petition. The court refused to open the judgment, allowed the amendment of the declaration and confession of judgment and amended the judgment so that it finally stood for $6,357.75. Defendant appealed.

*Errors assigned* were in discharging the rule to open the judgment, in making absolute the rule to amend the declaration and confession of judgment, and in entering the amended judgment.

*W. Clyde Grubbs,* with him *Walter G. Crawford,* for *appellant.*

*Clarence M. Cooke,* with him *O. R. Cooke,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

When the first judgment was entered pro confesso, the power of attorney was exhausted and the warrant became functus officio. After the entry of the first judgment, neither the court, the prothonotary, nor the attorney who confessed the judgment, had power to do any act which would have the effect of giving vitality to an exhausted power. This is a settled rule of law in Pennsylvania and has been recognized by our courts for a century. In recent years it was reasserted in Philadelphia v. Johnson, 208 Pa. 645; Com. v. Massi, 225 Pa. 548; Bellevue Boro. v. Hallett, 234 Pa. 191. As the record stands the first judgment, which was properly entered under the power of attorney, was merged in the second judgment which is clearly irregular and voidable at the instance of defendant. Plaintiff mistook its remedy when it filed a petition to amend the original declaration and confession of judgment. At that time the power had been exercised and the note reduced to judgment. For errors in the entry of the judgment, or for the correction of clerical mistakes, application should have been made to the court to correct the original judgment to conform to the facts, but this was not done. The cases relied on by counsel for appellee relate to the correction of judgments by the court having jurisdiction of the same. In the present case the plaintiff in the court below asked, not for the correction of the judgment, but for an amendment of the warrant of attorney to confess it. This could not be done because the power at that time was exhausted. After the amendment was allowed without notice to appellant, an amended declaration was filed and a second judgment was confessed

on the original power of attorney. The second judgment so confessed and entered cannot stand against appellant when he asks that it be opened on the ground of being irregular and voidable. The amended declaration is in correct form and may be treated as a proper pleading in a suit brought on the note, but the amended confession of judgment must be deemed a nullity. In this state of the record the parties may proceed as if the suit were on an original note without a warrant of attorney to confess judgment. The defendant can make any defense available to him under the law. While the record is unsatisfactory in that the entry of the second judgment upon a power of attorney already exhausted was irregular and voidable, the amended declaration itself is sufficient to sustain an action on the note, and in our opinion this is the best disposition of the case in order that all parties may have an opportunity to be heard upon the merits.

Judgment reversed and directed to be opened with a procedendo.