Hogsett et al., Appellants, *v.* Lutrario.

420

Argued April 19, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Hirt, JJ.

*Thomas L. Morgan,* for appellants.

*Wade K. Newell,* for appellee.

Opinion by Stadtfeld, J., June 25, 1940:

On March 31, 1920, a lease was entered into between Robert Hogsett as lessor and Paul Lutrario as lessee, for a small basement room in a building on Main Street in Uniontown, to be used as a barber shop, at a monthly

rental of $25, payable monthly in advance, for a term of one year, and thereafter from year to year, until legal notice was given for removal. The lease contained the usual provisions authorizing any attorney of any court of record to appear for lessee and confess judgment after default for the amount of rent due, or for failure to keep all the covenants of the lease, or for failure to remove from the premises at the termination of the same.

On May 12, 1934, leave of court having been obtained, in accordance with the rule in cases where the warrant of attorney is more than 10 years old, judgment was confessed and entered for the sum of $858.76, with interest from June 1, 1934, against Paul Lutrario, defendant, and in favor of William S. Hogsett, Pauline Hogsett, and Mary H. Covey, administrators of the estate of Robert Hogsett, now for the use of Pauline Hogsett and Mary H. Covey, plaintiffs. Attached to the application for leave was the affidavit of Pauline Hogsett that she and Mary H. Covey were the owners of the lease; that rent in the amount of $858.76, with interest from June 1, 1934, was due and unpaid, and that Paul Lutrario was living. At the time of entry, a statement and confession was filed in which judgment was claimed for the amount of $858.76 debt, $42.94 attorney's commission, and interest from June 1, 1934; but in none of the papers filed, was there any express averment of default, any date of default mentioned any statement of the months or years for which rent was due, or any indication whatever of the manner in which the debt was calculated. There was no suggestion of the death of Robert Hogsett or of the appointment of his administrators, and no allegation that his administrators had any interest in the rents due upon the lease. No assignment of any kind to the use-plaintiffs was shown. In all these respects, the record is bare.

Two rules to show cause were before the court below.

The first, ex parte defendant to strike off a judgment confessed on a lease in the name of a deceased lessor's administrators to the use of his heirs; and the second ex parte use-plaintiffs to permit them to file a supplementary affidavit of facts.

The answer of the use-plaintiffs to the rule contains admissions that Robert Hogsett died on December 17, 1925, intestate, and that the entire amount of the rent claimed accrued after his death, and is payable to them in their own right as his heirs and real owners of the leased premises. The supplementary affidavit that they desire to file discloses that the rent claimed is for a period beginning April 1, 1934.

These appeals are by the use-plaintiffs from the decree or order of the court in dismissing the rule seeking to file a supplementary affidavit of facts nunc pro tunc, and in making absolute the rule striking off the judgment from the record.

The warrant of attorney contained in the lease reads as follows: "The lessee hereby authorizes any attorney of any court of record, as often as default be made in the payment of said rental, to appear for him and confess judgment or judgments against him for the amount of rent then due and unpaid, with attorney's commission of five percent, costs of suit, without stay of execution, waiving inquisition and exemption."

The lessor died on December 17, 1925; the judgment on this lease was entered on May 4, 1934, a period of approximately fourteen years after the execution of the lease and approximately eight and one-half years after the death of lessor. The amount of the judgment is for $858.76. This amount is not ascertainable from an inspection of the lease or instrument. An inspection would not enable the prothonotary to ascertain what, if any, amount was due to the Hogsett's estate or what was due in his lifetime. He could not ascertain from this inspection what credits had been allowed, nor could he ascertain from the instrument, the amounts, years

or for what periods the defendant was in default in the payment of rent, if any. The prothonotary had no data whatsoever, except the bald statement of the amount due.

In the instant case, no affidavit or statement was filed with the instrument at the time of entry of judgment indicating wherein a default had been made. The warrant of attorney for entry of judgment provides for such entry only "after such default". The condition precedent to the entry of judgment requires that it be clearly set forth wherein such default had occurred.

In the case of *Kolf v. Lieberman et al.,* 282 Pa. 479, 128 A. 122, the Supreme Court, in an opinion by Mr. Justice FRAZER, said, at p. 482: "We are of opinion, however, that the court below erred in sustaining the entry of judgment on the bond without an averment of default. In entering judgment under a warrant of attorney it is a well-settled rule that the authority given thereunder must be strictly followed or the judgment cannot be sustained. In the present case, the bond was to secure the payment of the principal debt in designated mortgages 'at the time and in the manner as in said mortgages stipulated,' and the warrant authorized any attorney of record to enter judgment 'after default'. No averment of default was filed nor is there anything tending to indicate such delinquency. The bond showed on its face that one of the mortgages was dated August 19, 1924, the same date on which the bond was executed, and became payable in one year, while the other was dated July 3, 1924, and nothing appears to show when it became due. Accordingly, on the face of the record, no default is apparent. Under these circumstances it was necessary before a valid judgment could be entered, to file an averment stating in what respects a default had occurred."

In *Jordan v. Kirschner,* 94 Pa. Superior Ct. 252, our court, in a per curiam opinion, affirmed the judgment on the opinion of the court below which stated the fol-

lowing: "It has long been the law that in entering judgment on a warrant of attorney the authority given thereunder must be strictly followed or the judgment cannot be sustained and when the warrant authorizes an attorney of record to enter judgment after default and no averment of default is filed and no indication tending to establish such delinquency, the record is defective. In the case at bar it was necessary before a valid judgment could be entered to file an averment setting forth in what respect a default had occurred. The plaintiff was only authorized to enter judgment on failure to pay rent due, or failure to keep all the covenants of the lease, or failure to remove from the premises at the termination of the same."

The case of *P. Minnig Co. v. Carter,* 113 Pa. Superior Ct. 231, 173 A. 726, is an instance where judgment was entered upon a demand promissory note. This judgment note had added to it a stipulation that judgment was "not to be entered except in default of payment". This court, in an opinion by Judge JAMES, respecting this judgment said: "But the terms of the note contemplate something additional in that there must have been a default in payment as a condition *precedent to the entry of judgment.* The stipulation clearly contemplated that the plaintiff should make a demand and that default in payment must follow before judgment could be entered. The court below in its opinion clearly stated the situation in the following language: 'The entry of the judgment cannot be regarded both as a demand and also as an averment of default of payment after demand, for the default would then occur after the entry of the judgment and the note, according to its terms, authorizes entry of judgment after and not before such default. ......' ".

These authorities and others that might be cited, amply sustain the position that the instant judgment is a void judgment.

When a judgment is entered upon a warrant of at-

torney and such judgment is void, the warrant of attorney is exhausted. Neither the court, the prothonotary, nor the attorney who confessed the judgment has power to do any act which would have the effect of giving vitality to the power of attorney: *Mars National Bank v. Hughes*, 243 Pa. 223, 89 A. 1130.

Insofar as the use-plaintiffs sought to prosecute this action in the name of the lessor's administrators as legal plaintiffs, this proceeding is irregular and void. Under the provisions of the Fiduciaries Act of June 7, 1917, P. L. 447, §§11 (f), 14 (20 PS §§447, 503), as applied to the instant case, the lessor's administrators have no interest in the unpaid rents accruing after his death. Hence, if the legal plaintiffs cannot maintain an action, the use-plaintiffs cannot do so: *Howes v. Scott*, 224 Pa. 7, 73 A. 186; *Stoddard v. Emery*, 128 Pa. 436, 18 A. 339. However, the use-plaintiffs' admissions in the answer to defendant's rule to strike off judgment, preclude them from prosecuting this action in the name of the lessor's administrators as legal plaintiffs.

The contention of appellants is that the warrant of attorney to confess judgment for rent is available to them as heirs of Robert Hogsett. It is a familiar rule that an authority to confess judgment must be clear, explicit and strictly construed and cannot be entered in favor of a stranger to the contract: *Boggs v. Levin*, 297 Pa. 131, 146 A. 533. The use-plaintiffs are neither parties to the lease nor agents of the lessor. The authorization to enter judgment was for the benefit of the lessor, and not for those claiming under him. Since there is nothing in the lease authorizing the warrant to be exercised except in favor of the lessor, and the warrant to confess a money judgment is not a covenant that runs with the land, because it does not directly concern or touch the land, the heirs of the lessor cannot make use of it: *Duff et al. v. Star Service Hanger Co.*, 79 Pitts. 175; *Bloeser, etc. v. Semeul*, 80 Pitts. 50, 12 Erie 248.

426

The record was fatally defective and we see no error in the action of the court below in refusing use-plaintiffs leave to file a supplementary affidavit of facts, nunc pro tunc, and in striking off the judgment.

The assignments of error are overruled and the order of the court below is affirmed at costs of appellants.