American Bowling Club, Inc., Appellant,
*v*. Kanefsky.

Argued January 11, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

reargument refused April 16, 1952.

*Joseph A. Keough,* for appellant.

*Charles S. Schermer,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1952:

Plaintiff corporation appeals from the decision of the court below striking off a judgment which plaintiff had entered by confession pursuant to a warrant of attorney contained in a lease between plaintiff-lessor and defendant-lessee. Plaintiff had entered judgment *for accelerated rent for the balance of the term.* It suffered this judgment to be stricken off. Plaintiff then entered a second judgment *for rent in arrears only.* The court below struck off the second judgment.

Pertinent portions of the warrant of attorney in question read as follows: "If rent . . . shall remain unpaid on any day when the same ought to be paid, lessee hereby empowers any . . . attorney of any court of record to appear for lessee *in any and all actions* which may be brought for rent . . . and in said . . . amicable *action or actions* to confess judgment against lessee for all or any part of the rent specified in this lease and then unpaid including, at lessor's option, the rent for the entire unexpired balance of the term of this lease . . . . *Such authority shall not be exhausted by one exercise thereof,* but judgment may be confessed as aforesaid from time to time as often as any of said rent . . . shall fall due or be in arrears. . .". (Italics supplied)

The learned court below correctly concluded that "While this language clearly authorizes successive exercises of the power 'as often as' installments of rent become in arrears, it nowhere expressly, or by necessary implication, authorizes repeated confessions of judgment *for the same rent.*" (emphasis supplied) Plaintiff argues that repeated exercises of the power were clearly contemplated by the first reference to "any and all actions," and that the effect of the court's decision is to treat as surplusage the concluding phrase of the power in which successive judgments are explicitly authorized.

Powers of attorney plural in form have been considered by this Court on several occasions. We have consistently held that such powers are authority for one judgment only. As early as 1836, this Court said in *Adams v. Bush*, 5 Watts 289, 291: "Most clearly there was no authority to enter five judgments for the several instalments mentioned in said bond, whatever may be the meaning or effect of the words 'after filing one or more declarations to confess judgment or judgments' against me for the amount of the said bond." Several other such cases are reviewed in *Philadelphia v. Johnson*, 208 Pa. 645, 57 A. 1114. The power here under consideration would be no better authority for plural judgments than the words construed in these early cases except for the express provision that the power should not be exhausted by one exercise. This clause, therefore, was necessary to establish plaintiff's right to enter successive judgments, as defendant fell in arrears in successive months. But it cannot be regarded as authority for the entry of more than one judgment for the *same* rent.

The reason for the general rule that plural judgments cannot be entered pursuant to one power of attorney was well stated in *Philadelphia v. Johnson,*

supra: "The purpose of the power or warrant of attorney in the present case was the entry by confession, in an amicable action, of a judgment in favor of the lessor against the lessee. This power was completely executed and its purpose accomplished by the entry of the judgment of June 5, 1902. The power authorized nothing further, and nothing further remained to be done in pursuance of it. It became merged in the judgment. It is not material that it may have been prematurely executed, or that the judgment thus entered may have been voidable from matters outside the record. Though in the execution of the power the plaintiff may have misconceived his right of action under it, the power nevertheless remains fully executed; the execution cannot be recalled; and the power is exhausted."

This reasoning applies to the instant case. The full extent of the power granted to plaintiff in the lease was authority to enter judgment by confession for the entire unexpired term of the lease. This was done. It necessarily follows that the power was exhausted and could not be revitalized by striking off the original judgment. Plaintiff was without authority to enter a new judgment for a portion of the sum originally claimed.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Plaintiff, pursuant to a warrant of attorney which will be hereinafter quoted, entered a judgment pro confesso for the accelerated rent for the balance of the term. The court below on motion of the defendants struck off this judgment because of certain fatal defects in the exercise of the power. Plaintiff then entered a second judgment, this time only for rent in arrears, which was likewise stricken off by the court

below on the theory that the warrant of attorney had been exhausted by the original void exercise thereof. The real question is whether one void exercise exhausts the power conferred by the following warrant of attorney: "If rent . . . shall remain unpaid on any day when the same ought to be paid, lessee hereby empowers any . . . attorney of any court of record to appear for lessee *in any and all actions* which may be brought for rent . . . and in said . . . amicable *action or actions* to confess judgment against lessee *for all or any part* of the rent specified in this lease and then unpaid including, at lessor's option, the rent for the entire unexpired balance of the term of this lease . . . . *Such authority shall not be exhausted by one exercise thereof,** but judgment may be confessed as aforesaid from time to time as often as any of said rent . . . shall fall due or be in arrears . . .".

The general and well settled rule is that where a power of attorney authorizes a confession of judgment and the power is once exercised, the power is thereby exhausted: *Mars National Bank v. Hughes,* 243 Pa. 223, 89 A. 1130; *Phila. v. Johnson,* 208 Pa. 645, 57 A. 1114; *Commonwealth v. Massi,* 225 Pa. 548, 74 A. 419; *Bellevue Borough v. Hallett,* 234 Pa. 191, 83 A. 66; *Hogsett v. Lutrario,* 140 Pa. Superior Ct. 419, 13 A. 2d 902.

This is a wise and humane rule, especially in a case where the power was once validly exercised and there is nothing in the warrant of attorney which clearly allows more than one confession of judgment; its application in a case where the exercise of the power was void seems to me neither logical nor justifiable. However, I do not place my dissent on this ground but base it on the clear language of this warrant of attorney which the majority admit is different from the war-

---

* Italics throughout, ours.

rant in each and every case heretofore decided. A warrant of attorney authorizing the entry of a judgment by confession should, because of its summary nature and harsh effect, be strictly construed, but that general principle does not prevent parties from making any agreement they desire (unless it is contrary to law or opposed to public policy), nor does it give a court any right to ignore the plain language of the agreement made by the parties themselves: *Rambo B. & L. Ass'n. v. Dragone*, 305 Pa. 24, 26, 156 A. 311; *Baldwin v. American Motor Sales Co.*, 309 Pa. 275, 277, 163 A. 507; *Hogsett v. Lutrario*, 140 Pa. Superior Ct. 419, 425, 13 A. 2d 902. In *Rambo B. & L. Ass'n. v. Dragone*, 305 Pa., supra, the court said, "As a general rule a warrant or power of attorney to confess judgment is to be construed according to the rules which apply to other written contracts. Such warrant should be strictly construed against the party in whose favor it is given, and the authority thereby conferred must be strictly construed. While it should not be extended by implication or inference . . . yet, *when it is reasonably clear that a given authority was intended, the courts will give it effect.* That such authority was clearly intended appears from the warrant before us."

I would hold in accordance with the express language of this warrant, which I believe is crystal clear, that whenever rent is in arrears judgment may be confessed for such rent as often as it becomes in arrears; and the landlord's authority to enter judgment pro confesso is not and "shall not be exhausted by one exercise thereof" (irrespective of whether the exercise be valid, voidable or void), "but judgment may be confessed as aforesaid from time to time as often as any of said rent . . . shall fall due or be in arrears . . .".

For this reason, I would sustain the appeal.