## Reese Estate

300

*Anthony Cavalcante*, for exceptant.
*Smiley & Rygiel*, for accountant.

REILLY, P. J., October 17, 1958.—A decree of distribution in the above-styled case was entered nisi, September 20, 1958, wherein the recommendation of the personal representatives was accepted, inter alia, approving the denial of one year free rent to Arlene Marker.

The bequest in the will of May H. Reese which gave rise to the controversy is as follows:

"Item II . . . Further my daughter, Arlene Marker is to have possession, one year free of any rental charge, of the apartment they now occupy *if she is still with me continuous until the time of my decease.*" (Italics supplied.)

The money value of the year's rental was fixed at $480. The personal representatives, brothers of Mrs. Marker, felt constrained to charge Mrs. Marker with the year's rent on the theory Mrs. Marker had not completely complied with the provision of the bequest, particularly the provision above italicized.

Mrs. Marker filed exceptions to the decree insofar as it charged against her distributive share in her mother's estate the sum of $480 rental for her occupancy of testatrix' apartment. The occupancy was admitted.

Testimony was taken on October 9, 1958. The question for determination is primarily one of fact; did Mrs. Marker remain with her mother continuously until the time of her (the mother's) decease?

In view of the circumstances of the last illness and death of testatrix, especially the transfer of Mrs. Reese to the Uniontown Hospital and her subsequent removal to the farm home of her son Charles R. Reese, it was wise for the executors to take the position they adopted so that the propriety of allowance or non-allowance of the questioned bequest to Mrs. Marker could be judicially determined.

The testimony established the following facts: Mrs. Marker lived with her mother for approximately nine years prior to the mother's admission to the Uniontown Hospital; upon her discharge from the Uniontown Hospital Mrs. Reese, by her own expressed wish and by that of the majority of her five children, was taken to the farm home of her son Charles; Mrs. Marker visited her mother every day during the mother's stay at the hospital and every day during the mother's stay at Charles' home; Mrs. Marker did not refuse to receive her mother into their apartment after the mother's discharge from the hospital; Mrs. Marker did feel, however, the mother could receive better care at the hospital or in a nursing home and that there was no financial problem involved; it was the mother's own decision to go to the farm home which she loved so much; insofar as it was practical and sensible Mrs. Marker did not violate the provision, "if she is still with me continuous until the time of my decease".

It has been said the law abhors forfeitures. To penalize Mrs. Marker by denying her a year's free rent because she was not living under the same roof with her mother for such a short period of time after having been with her for nine years, would indeed be an inexcusable forfeiture. Moreover, such a result would be directly violative of one of the cardinal principles of will construction, namely, to seek out the intention of testator. Therefore, the position of exceptant must prevail, and her exception must be sustained on the

point that there was substantial compliance by her with the pertinent provision of the will.

Even had the testimony supported a negative finding on this circumstance, which is not the situation, the result would have been entirely the doing of testatrix, her wish, desire and decision to go to the farm home. Surely exceptant could not be chargeable with such punitive consequences for a condition over which she had at best only a one-fifth influence.

The somewhat unusual development of the facts in this case prompts inquiry into the applicability of section 501 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.501. Let it be assumed, pro arguendo, the will had been silent instead of making the bequest to Mrs. Marker of a year rent-free occupancy of the apartment.

It must be noted that the estate was solvent. There was no necessity for the sale of the real estate either for the payment of debts or for the protection of claimants, and no order of court was sought for any such purpose. Mrs. Marker was an heir (daughter) and a devisee of a one-fifth interest in the real estate and occupied the real estate of decedent at the time of decedent's death and for approximately one year thereafter. No demand of any nature was made upon Mrs. Marker either for payment of rent during the year nor was there any request that she vacate the premises.

In these circumstances, aside from any consideration of the bequest, it seems clear under section 501 of the Fiduciaries Act of 1949, there was no duty imposed upon the personal representatives to take possession or to collect rent from Mrs. Marker for the period she occupied the apartment after the death of testatrix. Likewise there was no obligation on the part of Mrs. Marker to pay rent for the period she remained in occupancy after the death of her mother: Hogsett v. Lutrario, 140 Pa. Superior Ct. 419 (1940).

Executors had no right to collect rent except where the personal estate was insufficient to pay debts and taxes: Aberle's Estate, 62 Montg. 270 (1947). Also Witmer v. Neilson, 28 Dist. R. 452 (1919).

The position that the personal representative lacks authority over the real estate of a decedent in this case is further fortified by section 104 of the Fiduciaries Act of 1949, Title to Real Estate:

"Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the court."

A personal representative is not under any duty to take possession of real estate of decedent occupied by an heir or devisee except upon order of court, where necessary to protect the rights of claimant, or other parties: Brown v. Bailey, 84 D. & C. 269 (1954); Chylak Estate, 6 D. & C. 2d 210 (1956).

The act and the decision compel the conclusion that the position of exceptant must be sustained under the theory of nonliability as well as upon the theory of substantial compliance discussed earlier.

The decree of distribution heretofore entered will be modified to reflect the findings and conclusions herein stated, sustaining the exceptions of Lillian Arlene Marker, and directing payment in distribution to the said Lillian Arlene Marker, the sum of $480, heretofore charged against her distributive share of her mother's estate.

### Decree

And now, October 17, 1958, the account in this estate having been reëxamined and reaudited, and testimony received on exceptions filed, upon consideration thereof, it is ordered and decreed that said account of the personal estate of decedent be confirmed, and that said balance of assets be paid, assigned, transferred and

set over in accordance with the schedule of distribution hereinafter set forth, unless exceptions are filed within 10 days.