## Dalo v. Marosy

*Chester B. Scholl,* for plaintiff.
*Donald R. McKay,* for defendants.

RODGERS, P. J., October 27, 1959.—Plaintiff held a listing agreement signed by defendant giving plaintiff authority to confess judgment "in case of default." Plaintiff confessed judgment without filing an affidavit of default. Defendant contends the judgment is void because of the failure to file the affidavit. This is clearly the case where the words "after default" are used in the warrant: Kolf v. Lieberman 282 Pa. 479, 482.

Plaintiff agrees with this, but contends that such is not the case where the words "in case of default" are used. No controlling precedent is cited for this proposition and we can see no reason for making such a distinction.

Plaintiff in argument to the court suggests that if the affidavit were required, that leave should be granted now for permission to cure this defect. The court has no power to do this. When a judgment is entered upon a warrant of attorney and such judgment is void, the warrant of attorney is exhausted. "...

neither the court, the prothonotary, nor the attorney who confessed the judgment, had power to do any act which would have the effect of giving vitality to an exhausted power" of attorney: Mars National Bank v. Hughes, 243 Pa. 223, 225.

*Order*

And now, October 27, 1959, the motion of defendant to strike the judgment is granted.