450 A.2d 32

**CONTINENTAL BANK**

**v.**

**Robert I. TUTEUR, Appellant (No. 762).**
**CONTINENTAL BANK, Appellant (No. 831),**

**v.**

**Robert I. TUTEUR.**

Superior Court of Pennsylvania.

Argued March 10, 1982.

Filed Aug. 27, 1982.

490

Manya Kamerling, Philadelphia, for appellant (at No. 762) and for appellee (at No. 831).

James Golden, Philadelphia, for appellant (at No. 831) and for appellee (at No. 762).

Before WICKERSHAM, HOFFMAN and LIPEZ, JJ.

WICKERSHAM, Judge:

These appeals are taken from an order entered on March 3, 1981 by the Honorable Judith J. Jamison of the Philadelphia County Court of Common Pleas. The order denied Tuteur's motion to strike a judgment entered against him but granted his motion to open the judgment. Tuteur

appeals the order denying his motion to strike the judgment and Continental Bank appeals the order opening the judgment.

Jurisdiction over this appeal is granted by Pa. R.A.P. 311, which governs interlocutory appeals as of right. Rule 311(a)(1) provides that an appeal may be taken as of right from an order opening a judgment (Continental Bank's appeal) or an order refusing to strike a judgment (Tuteur's appeal).

On January 9, 1979 Continental Bank entered a judgment by confession against Robert I. Tuteur in the Court of Common Pleas of Montgomery County. The judgment was confessed pursuant to a warrant of attorney in a note dated March 15, 1978 and was entered for $92,098.85, the $75,-000.00 principal amount plus interest and attorney's fees. Ten days later Tuteur filed a petition to strike and/or open judgment in Montgomery County. His petition alleged that the note gave exclusive jurisdiction of all disputes concerning the note to the Philadelphia Court of Common Pleas and, therefore, that the Montgomery County Court of Common Pleas was without jurisdiction to enter judgment. The parties conducted depositions examining the circumstances surrounding the loan arrangement between the borrowers and Continental Bank.

The Honorable Vincent A. Cirillo, then a judge of the Montgomery County Court of Common Pleas, granted Tuteur's motion to strike the judgment and directed the matter transferred to the Prothonotary of Philadelphia County. Reproduced Record at 21a. Continental Bank filed a complaint in confession of judgment in Philadelphia on November 10, 1980. The complaint sought judgment for $123,-795.63, consisting of the original principal amount plus additional accrued interest and attorney's fees. On December 10, 1980, Tuteur petitioned the Philadelphia Court of Common Pleas to strike or open the second judgment. Judge Jamison denied the petition to strike but did open the judgment. These appeals timely followed.

In September of 1977, Robert I. Tuteur was a partner in the law firm of Eilberg, Corson, Getson and Tuteur. The firm had recently moved into new offices and needed to make office improvements as well as purchase furnishings. Robert Mitchell, a commercial lending officer of Continental Bank, arranged a loan to finance renovation and furnishing of the new offices. On September 12, 1977 Tuteur and his partners signed a note evidencing their debt to the bank. The partners also signed at least one other blank note.

The note of September 12, 1977 expired and was renewed for another ninety days under a note dated December 15, 1977. The second note was due in March 1978. On January 30, 1978, Tuteur notified his partners of his withdrawal from the firm. Tuteur testified that when he left the firm the partnership's obligations were discussed but no specific agreement was reached on how to discharge any debt. Reproduced Record at 375a. The December 15, 1977 note fell due on March 15, 1978; on that date Allan Getson, one of Tuteur's former partners, delivered a third note to Continental Bank. The delivered note bore Tuteur's signature although he testified that he did not remember signing the third note. Reproduced Record at 329a–30a.

The note of March 15, 1978 was due on June 30, 1978. Corson and Getson, who continued practicing law together, paid interest on the note until June 30, 1978. Reproduced Record at 284a. When the loan fell into default, Continental Bank confessed judgment against Tuteur.

Tuteur's first appellate issue is:

1. Whether the warrant of attorney to confess judgment was exhausted by the prior entry of judgment in the Court of Common Pleas of Montgomery County notwithstanding the fact that such judgment had been stricken.

Brief for Appellant at 3.

Tuteur argues that a warrant of attorney to confess judgment is exhausted once it is exercised. Therefore, the initial confession of judgment in Montgomery County exhausted Continental Bank's warrant of attorney to confess judgment

and the bank had no power to confess judgment a second time in Philadelphia. The bank asserts that the terms of the note, which permit more than one confession of judgment, should control.

■ Initially, we note that the standards governing motions to strike judgments are clearly set forth in the cases. In *Bethlehem Steel Corp. v. Tri-State Industries,* 290 Pa.Super. 461, 434 A.2d 1236 (1981) we explained:

A petition to strike a judgment is a common law proceeding, *Hamborsky v. Magyar Presbyterian Church,* 78 Pa.Super. 519, 522 (1922), and operates as a demurrer to the record, *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.,* 252 Pa.Super. 579, 582 n. 3, 384 A.2d 931, 932 n. 3 (1978), *citing, Master Homecraft Co. v. Zimmerman,* 208 Pa.Super. 401, 222 A.2d 440 (1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.,* 272 Pa.Super. 462, 416 A.2d 549 (1979); *Advance Bldg. Services Co. v. F. & M. Schaefer Brewing Co., supra; Metropolitan Federal Savings & Loan Ass'n of Eastern Pennsylvania v. Bailey,* 244 Pa.Super. 452, 368 A.2d 808 (1976); *Policino v. Ehrlich,* 236 Pa.Super. 19, 345 A.2d 224 (1975).

*Id.,* 290 Pa.Superior Ct. at 470–71, 434 A.2d at 1240 (quoting *Kophazy v. Kophazy,* 279 Pa.Super. 373, 421 A.2d 246 (1980)).

In this case, Continental Bank's complaint in confession of judgment under Pa. R.C.P. No. 2952 filed in Philadelphia states that a judgment on the note was entered in Montgomery County at No. 79–432 and that the judgment was stricken for lack of jurisdiction in Montgomery County. Reproduced Record at 2a. The record thus reveals that

Continental Bank entered judgment twice on the same principal debt.[1]

■ It has long been the rule in Pennsylvania that a judgment may be confessed but once for the same debt. In *Scott Factors, Inc. v. Hartley,* 425 Pa. 290, 228 A.2d 887 (1967), a confession of judgment was entered by a representative of Scott Factors, Inc., who was not an attorney of any court of record. The warrant of attorney contained in the agreement at issue required confession of judgment by an attorney of a court of record. The first judgment was struck by the lower court and a second judgment was entered in accordance with the terms of the warrant of attorney. The lower court refused to strike the second judgment. Our supreme court ordered the judgment stricken and said:

In Pennsylvania, we have long recognized and permitted the entry of a judgment by confession upon the authority of a warrant of attorney contained in an agreement between the parties. However, fully cognizant of the possibilities of abuse which might arise from the recognition of the right to enter such judgments by confession,' our courts have been strict in passing upon the validity of judgments so entered. The entry of a valid judgment by confession can only be accomplished if such entry is accomplished in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken. The determination of the validity of such judgments rests upon a strict construction of the language of the warrant of attorney and any doubt as to the

1. The Complaint, in paragraphs 3–5 provided:

3. Defendant Robert I. Tuteur executed a Non-Discount Note dated March 15, 1978. A true and correct copy of this note is attached hereto as Exhibit 'A.'

4. Defendant Robert I. Tuteur is in default in this note. The amount due is $75,000 principal, interest from June 30, 1978, to October 30, 1980, in the amount of $33,517.94, and 15% percent attorney's fees of $15,277.69.

5. A judgment on this Non-Discount was entered in Montgomery County, No. 79–432. On May 1, 1980 this judgment was stricken for lack of jurisdiction in Montgomery County.

validity of such judgments must be resolved against the party entering the judgments.

The warrant constitutes a grant of authority by one contracting party to the other, upon the happening of a certain event, i.e., a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, i.e., a judgment. Such judgment when entered carries with it the same legal consequences as any judgment of a court. Not only must the given authority be exercised in the exact manner agreed upon between the parties but also the authority, once exercised, ceases to exist.

Under our case law, it is clear beyond question that, once a judgment has been entered under a warrant of attorney, the authority to use the warrant vanishes and the warrant cannot again be exercised. Upon the entry of a judgment by confession under a warrant of attorney, the warrant is exhausted.... [T]his Court said: 'When the first judgment was entered pro confesso, the power of attorney was exhausted and the warrant became functus officio. After the entry of the first judgment, neither the court, the prothonotary, nor the attorney who confessed the judgment, had power to do any act which would have the effect of giving vitality to an exhausted power. This is a settled rule of law in Pennsylvania and has been recognized by our courts for a century.' ...

In the case at bar, upon the entry of the first judgment, even though such entry was not in accord with the provisions of the warrant of attorney, the warrant of attorney ceased to have vitality upon which to enter the second judgment and the court below should have stricken off the judgment.

425 Pa. at 292–94, 228 A.2d at 888–89 (citations omitted). *See also, Citizens National Bank of Evans City v. Rose Hill Cemetery Association of Butler,* 218 Pa.Super. 366, 368 n. 2, 281 A.2d 73, 74 n. 2 (1971).

Continental Bank would limit the applicability of the general rule to cases where the note does not allow more than one confession of judgment. The bank points out that Tuteur, an experienced attorney, signed a loan agreement that specifically authorized repeated confessions of judgment.

■ The loan agreement provides that any attorney of a court of record can confess judgment against a borrower and that: *"Judgment may be confessed from time to time under the aforesaid powers which shall not be exhausted by one exercise thereof."* Reproduced Record at 12a (emphasis added). The supreme court construed a similar warrant of attorney in *American Bowling Club, Inc. v. Kanefsky,* 370 Pa. 136, 87 A.2d 646 (1952). The warrant of attorney at issue in *American Bowling Club* was part of a lease and read: "Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as aforesaid from time to time . . ." when rent fell due. *Id.,* 370 Pa. at 136, 87 A.2d at 646. The court held that such a clause could not give authority to enter more than one judgment for the same debt. *Id.,* 370 Pa. at 638, 87 A.2d at 647. Here, Continental Bank has entered judgment twice for the same debt and this it cannot do.[2]

The Philadelphia court judge acknowledged that a judgment cannot be confessed twice upon the same debt but declined to apply the rule to this case because the second judgment was entered pursuant to the order of the Montgomery County court. The Montgomery County court struck the first judgment entered and then ordered the matter transferred to Philadelphia. The opinion of the Philadelphia court states that the order to strike the judgment in Montgomery County "was not to operate in the usual fashion . . . The judgment was not to be nullified in its entirety; rather it was to be erased from the docket in

---

**2.** We do not, of course, decide that such a confession of judgment clause could not be used to collect discrete parts of a debt as they come due. Here, Continental Bank did not use the clause to confess judgment for parts of a debt but rather to confess judgment for the entire debt twice.

Montgomery County and placed where it properly belonged in Philadelphia." Lower ct. op. at 4–5.

The Montgomery County order read as follows:

AND NOW, this 1st day of May, 1980, after argument, the Motion to Strike is granted, and the matter is directed to be transferred to the Prothonotary of Philadelphia County.

The order of the Montgomery County court cannot revive the warrant of attorney exhausted by its exercise in Montgomery County; therefore, the Philadelphia court improperly refused to strike the judgment.[3]

Reversed and remanded for proceedings consistent with this opinion.

**3.** Tuteur's second appellate issue is:

2. Whether the amount of interest was grossly improper in that after default it was computed at the rate applicable during the term of the note rather than the legal rate of interest.

Continental Bank's issue in its cross appeal is:

Whether Tuteur produced evidence which would require a jury to consider whether he revoked authority previously given to Continental Bank to complete the note.

In view of our disposition of the first issue raised by Tuteur's appeal, we need not reach these issues.