# The Bancorp Bank v. Mancini

C.P. of Philadelphia County, No. 125 EDA 2013.

*Alan S. Fellheimer*, for appellant.
*David L. Zive*, for appellee.

TUCKER, *J.*, February 19, 2013—

I. Facts & Procedural History

This matter comes before the court on appeal from an order granting Daniel Mancini's (hereinafter referred to as "appellee") petition to strike/open confession of judgment. Order entered by J. Tucker (12/12/2012). The court, upon consideration of the petition and responses thereto, struck the confession of judgment previously entered in favor of The Bancorp Bank (hereinafter referred to as "appellant") against appellee. Amended compl. filed (06/27/2012); order entered by J. Tucker (12/12/2012). The basis of this judgment is what is being appealed.

On March 24, 2006 appellee, along with several others, formed a New Jersey limited partnership under the name Montery Avenue Associates LP (hereinafter referred to as "Montery Avenue"), the primary purpose of which was to acquire real property for development and/or redevelopment for use, lease, or sale. Petition to strike/open (08/14/2012). Appellee was a limited partner in

Montery Avenue. *Id.*

On March 31, 2006, appellant made a construction line of credit available to Montery Avenue in the amount of eight million one hundred eighty thousand dollars ($8,180,000.00), pursuant to a loan agreement between Montery Avenue and appellee ("2006 loan"). Amended compl. filed (06/27/2012); petition to strike/ open (08/14/2012). The 2006 loan agreement contained a confession of judgment clause and warrant of attorney provision. *Id.* The 2006 loan is secured by, inter alia, an amended and restated surety agreement dated March 30, 2006 and signed by appellee in favor of appellant, pursuant to which appellee guaranteed the payment of the 2006 loan (hereinafter referred to as "2006 surety agreement"). *Id.* The 2006 surety agreement contains a separate warrant of attorney provision, signed by appellee. *Id.* In addition to the 2006 surety agreement, appellee also signed a disclosure of confession of judgment referencing the 2006 surety agreement on May 12, 2006. *Id.*

The 2006 loan between Montery Avenue and appellee was modified on June 22, 2009, increasing the amount of available credit to nine million and thirty thousand dollars ($9,030,000.00), then to nine million four hundred and twenty thousand dollars ($9,420,000.00) (hereinafter referred to as "modified loan"). *Id.* The modified loan contained a warrant of attorney provision. Petition to strike/open (08/14/2012). In addition, the modified loan contained a provision whereby the sureties of the 2006 loan, acknowledged, by signature, their consent to modifications to the 2006 loan; appellee signed the

modified loan as surety. *Id.* However, appellee did not sign a separate surety agreement guarantying the modified loan; nor did appellee sign a separate disclosure of confession of judgment in relation to the modified loan. *Id.*

On September 30, 2009, appellant made a second loan to Montery Avenue in the amount of two hundred seventy thousand dollars ($270,000.00) pursuant to a loan agreement between appellant and appellee (hereinafter referred to as "2009 loan"). Confession of J. (05/05/2012). The 2009 loan agreement contained a separate warrant of attorney provision. *Id.* Montery Avenue subsequently defaulted on the 2006 loan and 2009 loan. *Id.*

On May 2, 2012, appellant filed a complaint in confession of judgment pursuant to the surety agreements executed by appellee, seeking three million four hundred fifty-four thousand three hundred eighty five dollars and eight cents ($3,454,385.08), representing the full accelerated balance due on both the 2006 and the 2009 loans. *Id.*

On May 21, 2012, appellant filed a motion to amend the original complaint in confession of judgment to remove reference to the 2009 loan, stating its intention to obtain judgment on the 2006 loan separately. Mot. to amend (05/21/2012). Appellee filed an answer to the motion to amend on June 7, 2012. Answer to mot. to amend (06/07/2012). The court granted appellant's motion to amend on June 20, 2012; appellant filed its amended complaint in confession of judgment on June 27, 2012, omitting the aggregate balance of the 2009 loan included in the original complaint in confession of judgment. Order entered by J. Tucker (06/20/2012); Amended compl. filed

(06/27/2012).

On June 1, 2012, appellee filed a petition to strike/open the confession of judgment. Pet. to strike/open (06/01/2012). On July 2, 2012, the court granted appellee's petition to strike/open confession of judgment. order entered by J. Tucker (07/02/2012). Appellant filed a motion to reconsider and vacate the court's order granting appellee's petition to strike/open on the basis that the petition was rendered moot by the court's June 20, 2012 order granting appellant's motion to amend. Mot. to reconsider (07/12/2012). The court granted appellant's motion for reconsideration and vacated the July 2, 2010 order granting the petition to strike/open. Order entered by J. Tucker (07/17/2012).

Appellee filed a renewed petition to strike/open confession of judgment pursuant to the court's order on August 14, 2012. Petition to strike/open (08/14/2012). Appellant filed a reply to the petition to strike/open on September 4, 2012. Reply to petition (09/04/2012). The court granted appellee's petition to strike/open confession of judgment on December 12, 2012, thereby striking the Cconfession of judgment. order entered by J. Tucker (12/12/2012). Appellant filed a notice of appeal of the December 12, 2012 order soon thereafter. Notice of appeal (12/19/2012). The court did not order appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) per its usual custom. A discussion ensues:

## II. Legal Analysis

a. The Court properly granted Appellee's Petition to Strike the Confession of Judgment because the June 22, 2009 modification of the 2006 Loan nullified the Surety Agreement's warrant of attorney.

A motion to strike confession of judgment is governed by Pa. R.C.P. 2959. Pa. R.C.P. 2959. It is well-settled that a confessed judgment is properly stricken only when there is a fatal defect in the judgment that is apparent on the face of the record. *Rittenhouse v. Barclay White, Inc.*, 625 A.2d 1208, 1210 (Pa. Super. 1993)(citing *Davis v. Woxall Hotel, Inc.*, 577 A.2d 636, 638 (Pa. Super. 1990) (citations omitted)). In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., the complaint and the documents which contain the confession of judgment clauses. *Atlantic National Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 922 (Pa. Super. 2007)(citing *Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996)). Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. *Resolution Trust Corp*, 683 A.2d at 273. Therefore, if the truth of the factual averments contained in such record is disputed, then the remedy is by a proceeding to open the judgment and not to strike the judgment. *Id.* at 273.

A confession of judgment shall not be stricken where the record is self-sustaining. *Resolution Trust Corp*, 683 A.2d at 273. A record is self-sustaining where the warrant of attorney is in writing; is signed by the person to be bound by the warrant of attorney; and the signature is

in direct relation to the warrant of attorney. *L.B. Foster Co. v. Tri-W Construction Company, Inc.*, 186 A.2d 18, 19-20 (Pa. 1962)(citing *Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 306-07 (Pa. 1956)). To be sure, the authority to confess judgment must be clear and explicit; an agreement containing a warrant of attorney must be strictly construed. *Solebury Nat'l Bank v. Cairns*, 380 A.2d 1273, 1275 (Pa. Super. 1977).

Where a party has signed an agreement with clear and unambiguous language, the plain language of the agreement cannot be ignored. *Herman v. Stern*, 213 A.2d 594, 598 (Pa. 1967). As such, a general reference in the body of an agreement to a warrant of attorney or confession of judgment clause outside the agreement is insufficient to bind the signatory, unless the signatory signs the warrant of attorney where it appears. *L.B. Foster Co.*, 186 A.2d at 19-20. In addition, a modified contract incorporates a warrant of attorney from the original contract if it is clearly and expressly incorporated into the modified contract. *Frantz Tractor Co.*, 120 A.2d at 306-07.

Here, appellee was specifically mentioned in the 2006 loan documents as a surety; in addition to being mentioned by name in the 2006 loan documents, appellee signed the 2006 surety agreement with a separate disclosure for confession of judgment referencing the 2006 surety agreement, which in turn referenced the 2006 loan. In June 2009, a modified loan was entered into between appellant and Montery Avenue; the modified loan specifically mentioned that the "sureties" acknowledge their consent to the modifications of the 2006 loan. Although appellee

signed the modified loan, he did not execute a separate surety agreement or a separate disclosure for confession of judgment. The modified loan did not clearly and expressly incorporate the warrant of attorney provisions of either the 2006 loan documents or the separately executed disclosure of confession of judgment. The modified loan, therefore, nullified the 2006 loan.

In its June 2012 amended complaint in confession of judgment, appellant included the 2006 loan documents; the 2006 surety agreement and disclosure for confession of judgment, as a basis to enter confession of judgment against appellee. This is fatal defect. Since the 2006 loan and attendant warrant of attorney contained therein were nullified by the modified loan, the record upon which appellant seeks to enter confession of judgment is not self-sustaining. Appellant's confession of judgment was properly stricken because the modified loan agreements did not contain a warrant of attorney signed by appellee.

b. The Court properly granted Appellee's Petition to Strike the Confession of Judgment because Appellant did not properly serve Appellee with the Complaint and Notice of Judgment.

Notwithstanding the absence of valid warrant of attorney linking appellee to the modified loan, the complaint and motice of judgment were properly stricken due to improper service. The court's jurisdiction to enter confession of judgment is predicated upon proper service of original process of the complaint in confession of judgment. *Pa. R.C.P. 2958.1(a)* requires that a notice of judgment accompanying a complaint in confession of judgment

"shall be served on the defendant at least thirty days prior to the filing of the praecipe for a writ of execution." Pa. R.C.P. 2958.1(a). *Pa. R.C.P. 2958.1(b)* further mandates that original process shall be served upon a defendant who has not yet entered an appearance "by the plaintiff mailing a copy *in the manner prescribed by Rule 403.*" Pa. R.C.P. 2958.1 (b)(1)(ii)(emphasis added).

*Pa. R.C.P. 403* governs service by mail; Rule 403 provides, in relevant part:

If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by *any form of mail requiring a receipt signed by the defendant or his authorized agent.* Service is complete upon delivery of the mail.

Pa. R.C.P. 403 (emphasis added).

While litigants must adhere to the Pennsylvania Rules of Civil Procedure, it is well settled that courts must refrain from "enforcing [procedural] technicalities to defeat apparently meritorious claims." *George H. Althof, Inc. v. Spartan Inns of America, Inc.*, 441 A.2d 1236, 1237-38 (Pa. Super. 1982) (quoting *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 80 A.2d 84, 86-87 (Pa. 1951)). Accordingly, in the context of confession of judgments, formal defects, mistakes and omissions may be corrected by amendment where (1) the cause of action is not changed; (2) the ends of justice require the allowance of such amendment; (3) where the substantive rights of defendant or of any third persons will not be prejudiced thereby. *Id.* The court must, therefore distinguish between

merely technical defects and prejudicial defects before striking off a confession of judgment. *Id.*

For example, the failure to attach a proper verification to a complaint in confession of judgment has been held to be "inconsequential"; not prejudicial; or the magnitude warranting the striking off of a confession of judgment. *George H. Althof, Inc.*, 441 A.2d at 1238 (discussing various court holdings dealing with petitions to strike confession of judgment). Verifications do not affect the jurisdiction of the court; they are required as protection for the parties. *Monroe Constract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 956 (Pa. Super. 1979).

In contrast to procedural rules promulgated to merely protect parties in litigation, it is well-settled that procedural rules governing service of process must be strictly followed because service of process is the mechanism by which a court obtains jurisdiction over a defendant. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917-18 (Pa. 1997). As such, service of process not is not "merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her." *Id.* Therefore, improper service of process is an incurable defect on the record which supports granting a petition to strike a confession of judgment, particularly where plaintiff has failed to comply with the requirements of Rule 403. *Id.* at 1076-1077.

Here, the record is clear that appellant did not comply with the Rule 403 in serving original process of its complaint in confession of judgment. The court notes that appellant had not one chance, but two chances to properly

effectuate service upon appellee by virtue of the court's June 2012 order granting appellant leave of court to file an amended complaint in confession of judgment. On May 02, 2012, appellant attached a certification of service stating that a copy of the complaint in confession of judgment was sent "via first class mail" to appellee at an address in Turnersville, NJ. Confession of J. filed (05/02/2012). The court notes that the 2006 surety agreement lists appellee's address as being in Marlton, NJ. On June 27, 2012, appellant attached a certification of service stating that a copy of the complaint in confession of judgment was "served upon [appellee] via the court's electronic filing system and/or U.S. Mail." Amended compl. filed (07/02/2012). First class mail, electronic filing and/or U.S. mail do not require a return receipt; therefore appellant failed to serve original process of the complaint in confession of judgment upon appellee. The confession of judgment was properly stricken because appellant's failure to properly serve appellee constituted an incurable defect on the record.

c. Appellee raised additional arguments conducive to granting the Petition to Strike/Open Confessed Judgment.

The court notes that appellee raised two arguments not addressed in the foregoing paragraphs, which could conceivably justify striking the confessed judgment. The court was persuaded by one of those arguments, but does not feel that it is necessary to resolve the ultimate questions in light of the soundness of the court's aforementioned rationale. However, the court will endeavor to explain its agreement, even though it will not resolve the issues

entirely.

Appellee asserts that appellant exhausted its rights under the 2006 surety agreement's warranty of attorney by attempting to collect the debt in the original complaint. In the original complaint, appellant confessed judgment against appellee in the amount of three million, four hundred and fifty-four thousand three hundred and eighty-five dollars and eight cents ($3,454,385.08). Petition to strike/open (08/14/2012). In its amended complaint, appellant seeks to confess judgment for the same amount, minus the 2009 loan sum in the amount of two hundred and seventy-three thousand five hundred forty dollars and seventy-four cents ($273,540.74) and a proportional reduction of the attorney's fees originally sought. *Id.* In essence, appellee argues that appellant twice sought to collect the same debt. Appellant counters that this is a logically indefensible position because the court granted appellant leave to file an amended complaint. Reply to petition (09/04/2012).

Whether or not the complaint and amended complaint constituted separate collection efforts, it is well-settled that Pennsylvania law prohibits duplicative attempts to collect a single debt because "where a power of attorney authorizes a confession of judgment and the power is once exercised, the power is thereby exhausted." *American Bowling Club, Inc. v. Kanefsky*, 87 A.2d 646, 648 (Pa. 1952); *B. Lipsitz Co. v. Walker*, 522 A.2d 562, 565-566 (Pa. Super. 1987), *app. granted*, 531 A.2d 426 (Pa. 1987). This is because "[t]he purpose of the power or warrant of attorney [is]...the entry by confession...of a judgment

in favor of the [creditor]," and "the power authorize[s] nothing further." *American Bowling Club, Inc.*, 87 A.2d at 647 (quoting *Philadelphia v. Johnson*, 57 ·A. 1114 (Pa. 1904)). As a result, a plaintiff that seeks to confess judgment for a specific sum exhaust[s] the warrant of attorney provided for in the individual guaranty. *TCPF Ltd. P'ship v. Skatell*, 976 A.2d 571, 576-577 (Pa. Super. 2009). Furthermore, a second attempt to collect the same portion of the debt already confessed:

> [M]ust be disallowed because the warrant of attorney has been exhausted. *[A plaintiff] cannot amend a complaint in confession of judgment to reserve a right to collect the same portion of debt already confessed.*

*Id.* (emphasis added). The court agrees that appellant effectively sought to confess judgment on the same debt twice in contravention of Pennsylvania law.

### III. Conclusion

After careful consideration of the parties' respective arguments, the court finds that the confessed judgment must be stricken. Appellant had no right to confess judgment against appellee following the modification of the 2006 loan. In addition, appellant failed to properly effectuate original service of process of the complaint and notice of judgment. This is by no means a case of first impression. The law is clear that a confession of judgment can — and shall — be stricken on both bases because each constitutes a defect on the face of the record that cannot be cured by amendment.