**TCPF LIMITED PARTNERSHIP, a Pennsylvania Limited Partnership, Appellant**

**v.**

**James SKATELL, Appellee.**

**TCPF Limited Partnership, a Pennsylvania Limited Partnership, Appellant**

**v.**

**James Skatell, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 25, 2009.

Filed June 17, 2009.

Richard W. Schimizzi, Greensburg, for appellant.

Ralph D. Conrad, Pelham, AL, for appellee.

BEFORE: MUSMANNO, SHOGAN

and COLVILLE *, JJ.

OPINION BY SHOGAN, J.:

¶ 1 In this consolidated appeal, Appellant, TCPF Limited Partnership, appeals from two orders denying Appellant's first and second motions for leave to file an amended complaint in confession of judgment against Appellee, James Skatell ("Skatell"). For the reasons that follow, we affirm.

¶ 2 Appellant is the owner of commercial property located at 1185 East Pittsburgh Street, Greensburg, Pennsylvania. Appellant agreed to lease a portion of the building located on that property to T & J Sub Shoppe, Inc. ("T & J") for the operation of a Quiznos sub shop. Skatell, as president of T & J, executed the agreement of lease dated July 18, 2003. The lease was for a period of seven years commencing on the opening of the business or October 1, 2003, whichever event occurred first.

¶ 3 Also on July 18, 2003, Thomas Altmiller ("Altmiller") and Skatell executed an individual guaranty. Pursuant to the guaranty, Altmiller and Skatell guaranteed the full and prompt payment of all rent and additional rent and any and all other sums and charges payable by T & J. The guaranty contained a warrant of attorney and confession of judgment provision enabling Appellant to bring an action to confess judgment against Altmiller and Skatell for all or any sums due. The individual guaranty contained language allowing for the successive exercises of the warrant of attorney until all obligations of Altmiller and Skatell under the lease had been discharged. Beginning in June of 2006, T & J defaulted on its obligation under the lease.

¶ 4 On September 19, 2006, Appellant filed a complaint in confession of judgment against Altmiller and Skatell for T & J's breach of its lease obligations in the amount of $65,196.91. Appellant invoked the right to accelerate the rent and other charges for the entire unexpired balance of the term of the lease. On the same date, judgments by confession in favor of Appellant and against Altmiller and in favor of Appellant and against Skatell were entered in the amount of $65,196.91.[1] Subsequent to the filing of the complaint and entries of judgment, Appellant discovered that it had calculated the amount of judgment for the amount due under only a portion of the unexpired balance of the term of the lease, from June of 2006 through September of 2007, and not the entire lease term. On August 20, 2007, Appellant requested leave of court to file an amended complaint in confession of judgment to increase the amount of judgment to $203,420.45, which represents the entire unexpired balance of the term of the lease from June of 2006 through September of 2010. On October 25, 2007, the trial court denied Appellant's request.

¶ 5 Appellant then presented a second motion for leave to file an amended complaint in confession of judgment to invoke its right to accelerate the rent and other charges, payments, costs and expenses for only that part of the unexpired balance of the term of the lease from June of 2006 through September of 2007 and reserving its right to confess judgment for amounts coming due under the lease subsequent to September of 2007. On November 21, 2007, the trial court denied the second motion. On November 26, 2007,

---

* Retired Senior Judge assigned to the Superior Court.

1. Appellant's appeal against Appellee, Altmiller, is filed at a separate consolidated action at numbers 2280 WDA 2007 and 2289 WDA 2007.

Appellant filed an appeal from both the October 25, 2007 and November 21, 2007 orders.[2] On December 14, 2007, Appellant filed amended appeals which separately appealed the October 25, 2007 and November 21, 2007 orders. All of the appeals from the orders denying amendments to the complaint in confession of judgment[3] were *sua sponte* consolidated by this Court on January 18, 2008.[4]

¶ 6 Appellant raises the following issues on appeal:

1. Did the trial court err in denying Appellant's Motion For Leave To Amend Complaint In Confession Of Judgment to correct the amount of the judgment to include the balance of the rent and other payments, costs and expenses due Appellant for the balance of the term of the lease?

2. Did the trial court err in denying Appellant's Second Motion For Leave To Amend Complaint In Confession Of Judgment seeking leave to amend paragraph 11 of the Complaint In Confession Of Judgment to aver that Appellant was invoking its right to accelerate the rent and other charges, payments, costs and expenses for only that portion of the unexpired balance of the term of the

lease extending from June, 2006, through September, 2007, and reserving all rights to thereafter confess judgment for amounts coming due under the Lease subsequent to September of 2007? Appellant's Brief at 3.

■■■ ¶ 7 Appellant contends that the trial court erred in denying the first and second motions to amend the complaint in confession of judgment. "The decision of the trial Court to deny a motion to amend a complaint is within the sound discretion of the trial court, and the trial court's determination will not be disturbed absent an abuse of that discretion." *Ferraro v. McCarthy–Pascuzzo*, 777 A.2d 1128, 1132 (Pa.Super.2001). It is insufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, it was charged with the duty imposed on the trial court below. *Paden v. Baker Concrete Construction, Inc.*, 540 Pa. 409, 412, 658 A.2d 341, 343 (1995).

■■■ ¶ 8 Appellant first asserts that the trial court erred in denying leave to file its first amended complaint in confession of judgment. Appellant relies upon Pennsylvania Rule of Civil Procedure 1033, which governs amendment to pleadings.

---

**2.** We observe that Appellant's appeal from the October 25, 2007 order was timely filed on Monday, November 26, 2007, because November 25, 2007 fell on a Sunday. *See* 1 Pa.C.S.A. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

**3.** We note that the entry of a valid judgment by confession "carries with it the same legal consequences as any judgment of a court." *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 293, 228 A.2d 887, 888 (1967).

**4.** Preliminarily, we note that Skatell filed a motion to quash the consolidated appeals on the bases that: 1) the November 26, 2007 appeal was taken from two separate orders

when no provision exists for one appeal from multiple orders, and 2) the amended appeal filed on December 14, 2007 was not a timely appeal of the October 25, 2007 order. We recognize that generally "taking one appeal from separate judgments is not acceptable practice and is discouraged." *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 469, 263 A.2d 448, 452 (1970); Pa.R.A.P. 512, Note. However, where, herein, Appellant filed a timely, albeit discouraged, appeal of multiple orders and filed a subsequent amended appeal, no fatal defect exists and the mandates of judicial economy require that the appeal be heard. We will, thus, consider the appeal on the merits and deny Skatell's motion to quash.

Rule 1033 provides in relevant part: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading." Pa.R.C.P. 1033. Appellant contends that because Rule 1033 allows for liberal amendments and because the proposed amendment does not "present an entirely new cause of action or unfairly surprise or prejudice an opposing party" the amendment should have been granted by the trial court. Appellant's Brief at 10–11. Appellant, however, ignores reference to case law that "an amendment will not be permitted where it is against a positive rule of law." *Capobianchi v. BIC Corp.,* 446 Pa.Super. 130, 666 A.2d 344, 346 (1995), *appeal denied,* 544 Pa. 599, 674 A.2d 1065 (1996).

¶ 9 Here, Appellant's first proposed amendment sought to have judgment entered in the amount of $203,420.45, reflecting the amount due Appellant from the time of the breach of the lease through the end of the lease term in 2010, instead of the original amount of judgment of $65,196.91 for the time period of June of 2006 through September of 2007. In this case, the trial court denied Appellant's motion for leave to file an amended complaint in confession of judgment based upon the determination that Appellant was "without authority" to "reflect a different calculation of damages for the entire unexpired term of the lease." Trial Court Opinion, 12/4/07, at 2.

■■ ¶ 10 It is clear that, under the law of Pennsylvania, a warrant of attorney to confess judgment may not be exercised twice for the same debt.[5] *B. Lipsitz Co. v.*

*Walker,* 361 Pa.Super. 238, 522 A.2d 562, 566 (1987), *appeal granted,* 515 Pa. 617, 531 A.2d 426 (1987) ("severable portions of a debt can be sought to be collected with the use of a single warrant of attorney as each become due; provided, of course, the instrument is **not** used to collect the same portion of the debt already confessed."); *American Bowling Club, Inc. v. Kanefsky,* 370 Pa. 136, 140, 87 A.2d 646, 648 (1952) ("where a power of attorney authorizes a confession of judgment and the power is once exercised, the power is thereby exhausted.").

¶ 11 The record reflects that in paragraph 11 of Appellant's original Complaint In Confession Of Judgment, Appellant invoked "its right to accelerate the Rent and other charges, payments, costs and expenses for the entire unexpired balance of the Term of this Lease" and sought judgment in the amount of $65,196.91 for that time period. *See* Complaint In Confession Of Judgment, paragraph 11, at 3–4. Again, Appellant confessed judgment on September 19, 2006. Thereafter, in paragraph 11 of the proposed Amended Complaint In Confession Of Judgment, Appellant sought to invoke "its right to accelerate the Rent and other charges, payments, costs and expenses for the entire unexpired balance of the Term of this Lease" but sought judgment in the amount of $203,420.45 for that time period. *See* Amended Complaint In Confession Of Judgment, paragraph 11, at 3–4. Both instruments, thus, sought differing amounts for "the entire unexpired balance of the Term of this Lease." Again, case law advises that severable portions of a debt can be sought to be collected with

---

**5.** A "warrant [of attorney] constitutes a grant of authority by one contracting party to the other, upon the happening of a certain event, *i.e.,* a breach of the terms of the agreement wherein the warrant is contained, to enter that which results ordinarily only after a trial of the issue between the parties, *i.e.,* a judgment." *Scott Factors, Inc. v. Hartley,* 425 Pa. at 293, 228 A.2d at 889.

the use of a single warrant of attorney as each portion of debt becomes due, provided that the instrument is not used to collect the same portion of the debt already confessed. *B. Lipsitz Co.*, 522 A.2d at 566; *American Bowling Club, Inc.*, 370 Pa. at 140, 87 A.2d at 648. The trial court was, thus, correct in determining that "[s]ince the full extent of the power granted to [Appellant] to enter judgment by confession for the entire unexpired term of the lease was exhausted" Appellant's "repeated confessions of judgment are not authorized for the same rent or damages." Trial Court Opinion, 12/4/07, at 2. In conclusion, Appellant's proposed amendment is contrary to the rule of law that a warrant of attorney to confess judgment may not be exercised twice for the same debt. The trial court did not abuse its discretion in denying Appellant's first motion to amend the complaint in confession of judgment.

¶ 12 Appellant next asserts that the trial court erred in denying the second motion for leave to amend complaint in confession of judgment on the basis that Appellant had exhausted its full authority under the warrant of attorney because the amendment did not seek to alter the amount of judgment and, thus, did not require the exercise of the warrant of attorney. Appellant's Brief at 18. Appellant contends that the second amendment sought "to correct its averment in paragraph 11 of the Complaint to state that [Appellant] was invoking its right to accelerate the rent and other charges, payments, costs and expenses for only a portion of the unexpired balance of the term of the Lease." Appellant's Brief at 18. Appellant asserts that the amendment would require no new judgment, would keep the original confession of judgment intact and would allow Appellant to confess another judgment for the rent and other charges, payments, costs and expenses for the period from October of 2007 through the end of the lease period in 2010. Appellant's Brief at 19. Appellant argues that Skatell could then petition to set aside or open that judgment and Appellant could have raised the exhaustion of the warrant of attorney issue at that point.

¶ 13 Pennsylvania Rule of Civil Procedure 2953(a) addresses the issue of successive confessed judgments and states that "[w]here an instrument authorizes judgments to be confessed from time to time for **separate sums** as or after they become due, successive actions may be commenced and judgments entered for such sums." Pa.R.C.P. 2953(a) (emphasis added). We recognize that the individual guaranty herein allowed for the successive exercises of the warrant of attorney until all obligations of Altmiller and Skatell under the lease had been discharged. *See* Individual Guaranty, July 18, 2003, at p. 2. However, the Note to Rule 2953 advises that "[t]he limits within which the plaintiff may have satisfaction under one or both of these [successive confession of] judgments is a matter of substantive law." The substantive law instructs that "severable portions of a debt can be sought to be collected with the use of a single warrant of attorney as each become due; provided, of course, the instrument is not used to collect the same portion of the debt already confessed." *B. Lipsitz Co.*, 522 A.2d at 566. Rule 2953 specifically restricts successive actions to "separate sums" claimed due and collectible under a warrant of attorney in a note, as contrasted to the "same sum" of money already confessed. Pa.R.C.P. 2953(a).

¶ 14 Again, we remain cognizant that:

[O]nce a judgment has been entered under a warrant of attorney, the authority to use the warrant vanishes and the warrant cannot again be exercised.

Upon the entry of a judgment by confession under a warrant of attorney, the warrant is exhausted.... [T]his Court said: 'When the first judgment was entered pro confesso, the power of attorney was exhausted and the warrant became functus officio. After the entry of the first judgment, neither the court, the prothonotary, nor the attorney who confessed the judgment, had power to do any act which would have the effect of giving vitality to an exhausted power. This is a settled rule of law in Pennsylvania and has been recognized by our courts for a century.' ...

*Continental Bank v. Tuteur,* 303 Pa.Super. 489, 450 A.2d 32, 35 (1982) (quoting *Scott Factors, Inc. v. Hartley,* 425 Pa. at 293–294, 228 A.2d at 889).

¶ 15 In this case, Appellant's proposed second amended complaint sought to again invoke its right to accelerate the rent and other charges, payments, costs and expenses for only that part of the lease from June of 2006 through September of 2007 and to reserve its right to later confess judgment for amounts coming due under the lease subsequent to September of 2007.

¶ 16 However, although Appellant sought to amend the complaint to maintain the original judgment by confession in the amount of $65,196.91 and to reserve its right to subsequently confess judgment for amounts coming due after September of 2007, Appellant had already confessed judgment for the entire unexpired balance of the term of the lease. As such, Appellant had previously exercised the warrant of attorney for the entire unexpired balance of the term of the lease from June of 2006 through September of 2010.

¶ 17 In sum, the second amended complaint sets forth a request seeking to accelerate the rent and other charges, payments, costs and expenses for the term of the lease from June of 2006 through September of 2007 and seeking to reserve Appellant's right to confess judgment for amounts coming due under the lease subsequent to September of 2007, for which period Appellant had already exercised a warrant of attorney in the original complaint in confession of judgment. In conclusion, by initially seeking to confess judgment for a specific sum for the "entire unexpired balance of the Term of [the] Lease," Appellant exhausted the warrant of attorney provided for in the individual guaranty. *See* Complaint In Confession Of Judgment, paragraph 11, at 3–4. Appellant's second attempt to collect the same portion of the debt already confessed by reserving a right to a subsequent exercise of the warrant of attorney for a separate sum must be disallowed because the warrant of attorney has been exhausted. Appellant cannot amend a complaint in confession of judgment to reserve a right to collect the same portion of debt already confessed. Thus, Appellant's second claim fails.

¶ 18 Because we conclude that the trial court did not abuse its discretion with respect to its orders denying amendments of the complaint in confession of judgment, we affirm the trial court's orders denying the motions to amend.

¶ 19 Orders affirmed.