J-S01034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL L. SAUL | : | |
| | : | |
| Appellant | : | No. 1227 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 30, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002522-2017,
CP-35-CR-0002792-2017, CP-35-CR-0002793-2017,
CP-35-CR-0002794-2017

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JANUARY 29, 2019**

Daniel Saul (Saul) appeals from the judgment of sentence imposed after his guilty plea to various offenses in four separate trial court dockets.  Based on our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash the appeal.

Saul was charged with several offenses that arose out of presenting false identifications for loans at multiple banks.  Because the offenses occurred in different counties, Saul agreed to have all of his cases transferred to Lackawanna County for disposition.  Saul eventually entered into a plea agreement in which he pleaded guilty to one count each in four of the cases.

---

[*]   Retired Senior Judge appointed to the Superior Court.

Saul was ordered to serve thirty-three to seventy-two months' imprisonment. Saul timely filed a post-sentence motion for modification which was denied.

On July 20, 2018, Saul timely filed his notice of appeal from the trial court's denial of his post-sentence motion for modification listing all four trial court dockets in the caption. His failure to file separate notices of appeal is contrary to the Official Note to Pennsylvania Rule of Appellate Procedure 341 ("Final Orders; Generally"):

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

However, while the practice of not filing an appeal from separate orders was not in accord with this Note, appeals were not routinely quashed for not complying with the Note. This is so because in ***General Electric Credit Corporation v. Aetna Casualty and Surety Company***, 263 A.2d 448 (1970), our Supreme Court created a three-part test to decide whether an appeal had to be quashed under this Note. It held that quashal was unnecessary where: (1) the issues raised as to both final orders were substantially identical; (2) the defendants/appellees raised no objection to the improper procedure; and (3) the period of time in which to file an appeal had run, such that the appellant would be denied appellate review if the appeal

was quashed. *Id.* at 453. *See also Sulkava v. Glaston Finland Oy,* 54 A.3d 884, 888 (Pa. Super. 2012); *TCPF Ltd. P'ship v. Skatell,* 976 A.2d 571, 574 n.4 (Pa. Super. 2009).

However, approximately fifty days before Saul filed his appeal, our Supreme Court, in *Walker*, reversed its decision in *General Electric* and imposed a prospective rule requiring that a single appeal from multiple orders be quashed, stating:

> [I]n future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal. We further direct our Appellate Procedural Rules Committee to amend the language of the Official Note to Rule 341 in light of this Opinion, and to consider further, as an alternative, an amendment to Rule 341 to state explicitly the requirement that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket. The rules relating to interlocutory appeals (Pa.R.A.P. 311-313) shall be conformed, as necessary, to Rule 341 in this regard.

*Id*. at 977.

As a result of our Supreme Court's decision in *Walker*, we issued a Rule directing Saul to show cause why his appeal should not be quashed because his notice of appeal contained multiple docket numbers. In response, Saul argues that *Walker* is distinguishable because he is appealing the denial of his post-sentence motion, not his judgments of sentence. But the denial of a post-sentence motion for modification acts to finalize the judgment of sentence for appeal purposes meaning that the appeal is taken from the

judgment of sentence, not the denial of the post-sentence motion. ***See Commonwealth v. Chamberlain***, 658 A.2d 395, 397 (Pa. Super. 1995).

Saul also argues that this appeal is distinguishable because ***Walker*** involved a Commonwealth appeal from an order granting suppression at four different dockets, each of which involved a different defendant. Saul notes that this case involves only one defendant and argues that there is no possible confusion or overlap of issues. What he is really requesting is that we apply the test enunciated in ***General Electric*** which we can no longer apply. "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker*** at 976–77.

Because Saul's notice of appeal arises from multiple dockets and was filed after ***Walker***, we must quash this appeal.

Appeal quashed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/29/2019

- 4 -