J-A27023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FELIX CAPONE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN HERITAGE FEDERAL CREDIT UNION | |
| Appellee | No. 25 EDA 2018 |

Appeal from the Order Entered November 20, 2017
In the Court of Common Pleas of Bucks County
Civil Division at No.: No. 2014-04724

BEFORE:  BOWES, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 15, 2019**

Appellant Felix Capone appeals from the November 20, 2017 order entered in the Court of Common Pleas of Bucks County ("trial court"), which granted Appellee American Heritage Federal Credit Union's motion for summary judgment and dismissed Appellant's amended complaint.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by the trial court:

> In May of 2008, Appellant's daughter, Jillian Moyer, opened an account with Appellee and began the process of applying for a loan.  On May 28, 2008, Appellant transmitted a letter to Appellee verifying that Moyer worked for him and her weekly salary.  The letter stated that Appellant was vice president and part owner of a company named "Casualty Restoration and Construction Management, Inc." that Moyer was employed by this company since April 2004, and that she was paid a gross weekly salary of $1,250.  Based on this letter, Appellee approved Moyer for a

$5,000 loan that listed Appellant as a co-signer. Appellant later admitted in his disposition that the information contained in the letter Appellant sent to Appellee regarding Moyer's employment was entirely false.

Appellee subsequently increased the line of credit three times, through three separate agreements, to $11,000. The credit line increase agreements contain the signature of "Felix J. Capone".

Moyer eventually defaulted on the loan. Moyer accepted a "Request for Hardship Extension", which also contained the signature of "Felix J. Capone". As of January 2013, Moyer was still delinquent in repaying the amounts owed on the credit line. Appellant alleges that at this time, Appellee began misapplying payments Appellant had made on his car loan to Moyer's loan.

Appellant contends that he had no knowledge of the credit line increases, that he did not sign the increase, and that Moyer forged his signature on the documents authorizing the increases. On July 11, 2014, Appellant commenced this action, claiming a violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL")[, 73 P.S. § 201–1, *et seq.*], fraud, and breach of contract. On July 21, 2014, Appellant filed an amended complaint.

On February 25, 2015, Appellant file[d] a motion for leave to file a second amended complaint to include claims of a violation of the Fair Credit Reporting Act, intentional infliction of mental and emotional distress, negligent infliction of mental and emotional distress, conversion, and intentional tort. On April 7, 2015, Appellee filed a motion for summary judgment. On [September 1], 2015, th[e trial c]ourt denied Appellant's motion for leave to file a second amended complaint. Also[,] on [September 1], 2015, [the trial court] denied Appellee's motion for summary judgment without prejudice, permitting Appellee to refile upon completion of discovery.

The parties continued to engage in discovery until June 5, 2017[,] when Appellee filed its second motion for summary judgment. Appellee argued that summary judgment is appropriate as to all three of Appellant's claims. First, Appellee contended that Appellant's UTPCPL claim failed because he lacked standing under the UTPCPL and that even if he had standing, Appellant failed to prove the elements of justifiable reliance or offer evidence of fraudulent or deceptive conduct. Second,

Appellee argued that Appellant's fraud claim failed because Appellant did not provide any evidence of fraud. Finally, Appellee contended that summary judgment was appropriate as to Appellant's breach of contract claim, because Appell[ant] lacked standing and failed to offer evidence to establish the required elements of the cause of action.

[The trial court] held oral argument on Appellee's motion for summary judgment on November 14, 2017. On November [20], 2017, [the trial court] granted Appellee's motion for summary judgment. On December 18, 2017, Appellant filed a notice of appeal to the Superior Court of Pennsylvania. Following receipt of the notice of appeal, [the trial court] directed Appellant [to file] a concise statement of errors complained of on appeal on or before January 5, 2018. [Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.]

Trial Court Opinion, 1/24/18, at 1-3 (record citations and unnecessary capitalizations omitted).

On appeal, Appellant raises four issues for our review.

[I.] Has the [trial] court abused its discretion and erred as a matter of law by granting summary judgment in favor of a financial institution accused of forgery and fraud by declaring "forgery allegations ma[k]e proving the element of justifiable reliance [by the consumer plaintiff] . . . under the UTPCPL impossible"?

[II.] Has the court abused its discretion by granting summary judgment in favor of movant financial institution thus dismissing non-movant's common law fraud claims where the record unarguably shows movant's loan officers participated in the fraud and forgery on non-movant by bearing false witness to the forged signature of Appellant on numerous loan documents?

[III.] Is the [trial] court's finding that the non-movant's breach of contract claims "appears to be specific to [] subsequent agreements . . . rather than to the original loan contract" a deliberate disregard of record facts and therefore an abuse of discretion?

[IV.] As a final order, now that the [trial] court order granting summary judgment dismissed all claims in the action, was the

- 3 -

interlocutory order of September 1, 2015 denying [Appellant's] motion for leave to file a second amended complaint for violation of the Fair Credit Reporting Act, intentional and negligent infliction of mental and emotional distress an error of law and an abuse of discretion?

Appellant's Brief at 7-10 (unnecessary capitalizations omitted).[1, 2]

We review a challenge to the entry of summary judgment as follows:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule.  *See* Pa.R.C.P. No. 1035.2.  The rule [provides] that where there is no genuine issue of material fact

---

[1] Appellee argues Appellant failed to preserve his issues for our review because he did not raise them before the trial court.  Although Appellee is correct that Appellant's issues do not mirror the issues raised in his Pa.R.A.P. 1925(b) statement, we nonetheless decline to find them waived.  Appellant's issues appear to be subsumed by the issues raised in his Rule 1925(b) statement, as quoted in the trial court's Rule 1925(a) opinion.  *See* Trial Court Opinion, 1/24/18, at 3-4.

[2] Appellee aptly points out that Appellant's brief includes and relies upon documents, specifically the "Supplemental Record of Slaboda Deposition," that are outside of the certified record.  Appellee's Brief at 18.  We agree.  In ***Parr v. Ford Motor Co.***, 109 A.3d 682 (Pa. Super. 2014), we explained:

[t]he law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal.  Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue.  In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.

***Parr***, 109 A.3d at 695 (internal citations omitted).  As such, we may not consider the Slaboda deposition Appellant relies upon on appeal.

and the moving party is entitled to relief as a matter of law, summary judgment may be entered. **Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law**. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted; brackets in original) (emphasis added).

After careful review of the record and the relevant case law, we conclude that the trial court accurately and thoroughly addressed the merits of Appellant's claims. ***See*** Trial Court Opinion, 1/24/18, at 5-11. Appellant's UTPCPL claim fails because he did not offer any evidence to establish justifiable reliance. ***See Kern v. Lehigh Valley Hosp., Inc.***, 108 A.3d 1282, 1289-90 (Pa. Super. 2015) ("[J]ustifiable reliance is an element of private actions under Section 201-9.2 of the UTPCPL. As such, [the a]ppellant had to demonstrate that he . . . justifiably relied on [the a]ppellee's alleged violations of the UTPCPL and, as a result of those alleged violations, suffered an ascertainable loss."). Appellant admitted that he had no knowledge of the credit line increases, that he did not sign the increases, and that his signatures on those increases were forgeries. Trial Court Opinion, 1/24/18, at 7. Similarly, Appellant's fraud claim lacks merit. Appellant failed to establish any evidence that Appellee committed fraud *sub judice*. ***See id.*** at 7-8 (On the

contrary, Appellant has "admitted that his daughter had herself forged his signature on the documents in question."). Moreover, Appellant cannot establish a breach of contract because he emphatically denied signing the documents relating to the credit line increases.[3] *Id.* at 9 ("As Appellant acknowledged that he did not sign these additional agreements, he could not assert a breach of contract claim based on these increases[.]"). Finally, the trial court did not abuse its discretion in denying Appellant's motion for leave to file a second amended complaint because the additional causes of action Appellant sought to raise were time-barred.[4] *Id.* at 9-11; *see Shiflett v. Lehigh Valley Health Network, Inc.*, 174 A.3d 1066, 1083 (Pa. Super. 2017) ("[i]t is axiomatic that a party may not plead a new cause of action in an amended complaint when the new cause of action is barred by the applicable statute of limitations at the time the amended complaint is filed"), *appeal granted in part*, 191 A.3d 745 (Pa. 2018). Accordingly, we affirm the trial court's November 20, 2017 order granting Appellee's summary

---

[3] Although we decline to find waiver, we note with disapproval that Appellant failed to develop his third issue on appeal. *See* Pa.R.A.P. 2119; *see also Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (stating "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived[]") (citation omitted), *appeal denied*, 47 A.3d 848 (Pa. 2012).

[4] *TCPF Ltd. P'ship v. Skatell*, 976 A.2d 571, 574 (Pa. Super. 2009) (noting that we apply an abuse of discretion standard of review to cases challenging a trial court's denial a motion to amend).

judgment motion.  We further direct that a copy of the trial court's January 24, 2018 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/19

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

FELIX CAPONE           :

                        :

v.                  :      No. 2014-04724

                        :

AMERICAN HERITAGE FEDERAL   :      (25 EDA 2018)

CREDIT UNION           :

Case #. 2014-04724-0130   11607475
Main (Public)
Code: 5214      Judge:32
Rcpt: Z1924156   1/24/2018 8:50:25 AM

## OPINION

Felix Capone (hereinafter "Appellant") appeals from this Court's November 17, 2017

Order granting American Heritage Federal Credit Union's (hereinafter "Appellee") Motion for

Summary Judgment and the September 1, 2015 Order denying Appellant's Motion for Leave to

File a Second Amended Complaint. Pursuant to Pennsylvania Rule of Appellate Procedure

1925(a), this Court files this Opinion in support of its ruling.

### I.    FACTUAL AND PROCEDURAL HISTORY

In May of 2008, Appellant's daughter, Jillian Moyer, opened an account with Appellee and

began the process of applying for a loan. On May 28, 2008, Appellant transmitted a letter to

Appellee verifying that Moyer worked for him and her weekly salary. *See* Exhibit A to

Defendant's Motion for Summary Judgment. The letter stated that Appellant was vice president

and part owner of a company named "Casualty Restoration and Construction Management, Inc",

that Moyer was employed by this company since April 2004, and that she was paid a gross weekly

salary of $1,250. *See* id. Based on this letter, Appellee approved Moyer for a $5,000 loan that

listed Appellant as a co-signer. *See* Plaintiff's Amended Complaint ¶¶ 6, 7. Appellant later

admitted in his deposition that the information contained in the letter Appellant sent to Appellee

regarding Moyer's employment was entirely false. N.T. 12/18/15, p. 192:7-207:3.

1

Appellee subsequently increased the line of credit three times, through three separate agreements, to $11,000. Id. at ¶¶ 11-13. The credit line increase agreements contain the signature of "Felix J. Capone". *See* Exhibits D-G to Defendant's Motion for Summary Judgment.

Moyer eventually defaulted on the loan. Id. at ¶ 16. Moyer accepted a "Request for Hardship Extension", which also contained the signature of "Felix J. Capone". *See* Exhibit H to Defendant's Motion for Summary Judgment. As of January 2013, Moyer was still delinquent in repaying the amounts owed on the credit line. Appellant alleges that at this time, Appellee began misapplying payments Appellant had made on his car loan to Moyer's loan. Id.

Appellant contends that he had no knowledge of the credit line increases, that he did not sign the increases, and that Moyer forged his signature on the documents authorizing the increases. *See* N.T. 12/18/15, p. 58:18-21, 59:7-11; 89-91; 222:7-12. On July 11, 2014, Appellant commenced this action, claiming a violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), Fraud, and Breach of Contract. On July 21, 2014, Appellant filed an amended complaint.

On February 25, 2015, Appellant file a motion for leave to file a Second Amended Complaint to include claims of a violation of the Fair Credit Reporting Act, Intentional Infliction of Mental and Emotional Distress, Negligent Infliction of Mental and Emotional Distress, Conversion, and Intentional Tort. On April 7, 2015, Appellee filed a motion for summary judgment. On August 31, 2015, this Court denied Appellant's Motion for Leave to File a Second Amended Complaint. Also on August 31, 2015, the Court denied Appellee's Motion for Summary Judgment without prejudice, permitting Appellee to refile upon completion of discovery.

The parties continued to engage in discovery until June 5, 2017 when Appellee filed its second Motion for Summary Judgment. Appellee argued that summary judgment is appropriate

as to all three of Appellant's claims. First, Appellee contended that Appellant's UTPCPL claim failed because he lacked standing under the UTPCPL, and that even if he had standing, Appellant failed to prove the elements of justifiable reliance or offer evidence of fraudulent or deceptive conduct. Second, Appellee argued that Appellant's fraud claim failed because Appellant did not provide any evidence of fraud. Finally, Appellee contended that summary judgment was appropriate as to Appellant's breach of contract claim, because Appellee lacked standing and failed to offer evidence to establish the required elements of the cause of action.

This Court held oral argument on Appellee's Motion for Summary Judgment on November 14, 2017. On November 17, 2017, the Court granted Appellee's Motion for Summary Judgment. On December 18, 2017, Appellant filed a notice of appeal to the Superior Court of Pennsylvania. Following receipt of the Notice of Appeal, this Court directed Appellant filed a concise statement of errors complained of on appeal on or before January 5, 2018.

## II. STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On January 3, 2018, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant filed his Statement of Errors Complained of on Appeal, set forth *verbatim* herein:

1. If the Court granted Defendant [sic] Summary Judgment and dismissed Plaintiff's Amended Complaint based on a bias against consumers and in favor of financial institutions, then the Court abused its discretion and erred as a matter of law, and in violation of the Unfair Trade Practices Act and Consumer Protection Law, which is supposed to be "liberally construed to effectuate the legislative goal of consumer protection." Commonwealth of Pennsylvania, Acting by Attorney General Thomas W. Corbett, Jr. v. Snyder, 977 A.2d 28, 33 (Pa. Cmwlth. 2009) (citing Commonwealth v. Percudani, 844 A.2d 35 (Pa. Cmwlth. 2004)).

2. If the Court granted Defendant's Motion because the Court decided that the many different signatures on loan documents purporting to be Plaintiff's signatures are genuine, and NOT forgeries as Plaintiff claims, then the Court erred as a matter of law and abused its discretion by deciding genuine issues of material fact (forgery and fraud) contrary to the summary judgment standard.

3. If the Court granted Defendant's Motion because the Court decided that Plaintiff somehow authorized forgery by [American Heritage Federal Credit Union] loan officers and/or his daughter, then the Court erred as a matter of law and abused its discretion by deciding genuine issues of material fact contrary to the summary judgment standard.

4. If the Court granted Defendant's Motion because the Court decided that [American Heritage Federal Credit Union] officers, directors, and employees did NOT know, and/or, should NOT have known that Plaintiff's name was forged on loan documents, then the Court decided genuine issues of material fact contrary to the summary judgment standard.

5. If the Court granted Defendant [sic] summary judgment based on the determination that [American Heritage Federal Credit Union] issued any loans at all to Jill Moyer based on an employment verification letter, then the Court erred as a matter of law and contrary to the summary judgment standard by deciding genuine issues of material fact; namely, whether [American Heritage Federal Credit Union] actually and/or reasonably relied on the letter to approve any, all, or some of the loans to Moyer.

6. Because the Court Order granting summary judgment and dismissing Plaintiff's Amended Complaint is a final order, the September 1, 2015 interlocutory order denying Plaintiff's February 25, 2015 "Motion for Leave to File a Second Amended Complaint" is now subject to review as an abuse of discretion and error of law by the Court erroneously denying Plaintiff's right to amend pleadings that are sufficient to satisfy pleadings standards alleging Violation of the Fair Credit Reporting Act 15 U.S.C. ¶ 1681s-2(b), Intentional and Negligent Infliction of Mental and Emotional Distress, Conversion, and Intentional Tort while incorporating the existing pleadings in Plaintiff's Amended Complaint.

7. The Court's denial of Plaintiff's Motion for Leave to File a Second Amended Complaint (alleging Violation of the Fair Credit Reporting Act 15 U.S.C. ¶ 1681s-2(b), Intentional and Negligent Infliction of Mental and Emotional Distress) given the substance and timing of the February 25, 2015 Motion pertaining to applicable statutes of limitations, is an error of law and an abuse of discretion.

## III. DISCUSSION

Appellant offers several different arguments regarding the grant of the Motion for Summary Judgment because Appellant contends that the Court gave no indication for the reasons for the Court's decision.[1] The Court will not address these arguments because they address issues

---

[1] While the Court did not offer its reasoning for granting Appellee's Motion for Summary Judgment in writing, the Court repeatedly expressed its concern during oral argument that Appellant did not offer sufficient evidence to support his claims and overcome the Motion for Summary Judgment, despite having several years' worth of discovery. In response, Appellant argued that some discovery is missing

that were not taken into consideration by this Court in making its decision. Rather, this Court will discuss the Court's reasoning for granting Appellee's Motion for Summary Judgment. The Court will then address its reasoning for denying Appellant's Motion for Leave to File a Second Amended Complaint.

## SUMMARY JUDGMENT

Summary judgment may only be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Pa.R.C.P. 1035.2. When reviewing a motion for summary judgment, the record must be read in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Marks v. Tasman, 589 A.2d 205, 206 (Pa. 1991). "In opposing a motion for summary judgment, the non-moving party must demonstrate that there is a genuine issue for trial." Davis v. Resources for Human Development, Inc., 770 A.2d 353, 357 (Pa. Super. Ct. 1991). The non-moving party may not "merely rely on his pleadings or answers to survive summary judgment." Krauss v. Trane U.S. Inc., 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted). A reviewing court may disturb the trial court's grant of summary judgment if the court has committed an error of law or abused its discretion. *See* Toy v. Metropolitan Life Ins. Co., 928 A.2d 186 (Pa. 2007).

### 1. UTPCPL

In Count One of Appellant's Amended Complaint, Appellant alleges that Appellee violated the UTPCPL. Appellee moved for summary judgment on this claim, arguing that Appellant lacked

---

and alleged that Appellee refused to comply with discovery requests and/or was lying about the existence of particular materials. The Court questioned why if Appellant believes Appellee has failed to comply with discovery, he did not file the proper discovery motions. Appellant did not provide a reason for his failure to do so.

5

standing under the UTPCPL, and that, even if Appellant had standing, Appellant could not satisfy the justifiable reliance element or the ascertainable loss element of a UTPCPL claim.

The UTPCPL provides a private right of action for "[a]ny person who purchases . . . goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" resulting from the seller's unfair or deceptive practices. 73 P.S. § 201–9.2(a). Section Four of the UTPCPL includes a catch-all provision, providing that "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" is an unfair or deceptive practice. 73 P.S. § 201-2(4)(xxi).

To succeed under the catch-all provision, the plaintiff must satisfy the elements of common-law fraud or otherwise allege deceptive conduct. Hunt v. US Tobacco Co., 538 F.3d 217, 219 (3d Cir. 2008). A claim for deceptive conduct requires: (1) a plaintiff allege facts demonstrating a deceptive act; (2) justifiable reliance; and (3) the justifiable reliance caused ascertainable loss. See Montanez v. HSBC Mortg. Corp., 876 F. Supp. 2d 504, 519 (E.D.Pa. 2012).

This Court found that because Appellant's claims are not related only to the credit line increase agreements, Appellant likely had standing under the UTPCPL, as he co-signed the original loan. However, this Court also found that summary judgment was nonetheless appropriate because Appellant failed to satisfy the elements of a UTPCPL claim, as Appellant's forgery allegations made proving the element of justifiable reliance to sustain a claim under the UTPCPL impossible. Even assuming *arguendo* that the alleged forgeries constituted in themselves sufficient fraud or deception to meet the standard of a UTPCPL claim, there has been no evidence presented to this Court which demonstrates that Appellant actually, much less justifiably, relied upon these alleged forgeries to his detriment. The facts of this case may be compared to Faber v. Wells Fargo Bank, 2015 WL 1636967 (E.D. Pa. Apr. 13, 2015), in which a plaintiff's UTPCPL

6

claim against a bank was dismissed where the claim was based upon allegedly forged signatures; in that case, the District Court found that the alleged forgery was insufficient to fulfill the required element of justified reliance. Similarly, Appellant has failed to show any justifiable detrimental reliance on his part to any conduct by Appellee. Indeed, by his own admission, Appellant had no knowledge of the credit line increases made by Moyer, did not sign said increases, and maintains that the signatures made to authorize these increases were forgeries. *See* N.T. 12/18/15, p.58:18-21, 59:7-11; 89-91; 222:7-12. This Court cannot understand how an individual who so strongly disavows any connection to the authorization of these credit line increases could also have relied on them to his own detriment.

## 2. Common Law Fraud

This Court further found that summary judgment was appropriate because Appellant not provided any evidence proving that Appellee had committed common law fraud. To establish a fraud claim, a plaintiff must plead with specificity: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the representation; and (6) the resulting injury was proximately caused by the reliance. Youndt v. First Nat'l Bank of Port Allegany, 868 A.2d 539, 545 (Pa. Super. 2005). A misrepresentation is material to the transaction at hand only if the representation is such that, had it not been misrepresented, the transaction would not have been consummated. Sevin v. Kelshaw, 611 A.2d 1232, 1237 (Pa. Super. 1992).

In this case, Appellant has failed to offer any evidence to show that fraud occurred. Although Appellant has asserted that the alleged forgeries were completed by employees of Appellee, Appellant has not provided evidence to the same, beyond vague catch-all statements that

these employees "either forged [Appellant's signature], knew each other forged, or knew Jill Moyer forged" the signature on these documents. *See* Plaintiff Felix Capone's Response to Defendant American Heritage Federal Credit Union's Memorandum in Support of Defendant's Motion for Summary Judgment, 8/7/17, ¶ 11. Moreover, Appellant has also admitted that his daughter had herself forged his signature on the documents in question. Thus, if Appellant's only evidence of fraud is his forged signature, it seems that this issue has previously been admitted by Appellant to be his daughter's doing, and that no evidence has been offered by Appellant to indicate that Appellee's employees participated in the forgeries or misrepresented any information to him. Moreover, again, Appellant's reliance on these supposed misrepresentations is extremely suspect, as he himself has stated multiple times that he was unaware of the alleged forgeries and did not approve of them. Accordingly, Appellant has failed to meet the standard of common law fraud and summary judgment was appropriate on this claim.

### 3. Breach of Contract

Finally, this Court found summary judgment appropriate concerning Appellant's breach of contract claim. It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages. Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016). A plaintiff has no standing to sue for breach of contract if the plaintiff is neither a signatory to, nor a third party beneficiary of, the contract. *See* Guy v. Liederbach, 459 A.2d 744 (Pa. 1983); BDGP, Inc. v. Ind. Mortg. Co., 2004 WL 960013, at 4 (CCP Philadelphia County 2004).

In this case, Appellant has failed to establish the required elements of breach of contract. Appellant's claim for breach of contract appears to be specific to the subsequent agreements for

8

credit line increases forged by Plaintiff's daughter, rather than to the original loan contract, and in fact Appellant vigorously denies Appellee's characterization of the case as concerning all credit line increases. *See* Plaintiff Felix Capone's Response to Defendant American Heritage Federal Credit Union's Memorandum in Support of Defendant's Motion for Summary Judgment, 8/7/17, ¶ 11. Appellant has also, and equally emphatically, denied that he did not sign these documents and alleged that the signatures on these credit line increases were forgeries. As Appellant acknowledged that he did not sign these additional agreements, he could not assert a breach of contract claim based on these increases, since by his own admission he entered into only one agreement with Appellee. Thus, this Court found no basis to deny summary judgment to Appellee based on a breach of contract claim by Appellant.

## AMENDED COMPLAINT

In his Motion for Leave to File Second Amended Complaint, Appellant requested this Court's Leave to add the following causes of action to his Complaint: violation of the Fair Credit Reporting Act[2], Intentional Infliction of Mental and Emotional Distress, Negligent Infliction of Mental and Emotional Distress, Conversion, and Intentional Tort. As a basis for this motion, Appellant claimed that facts came to light during discovery which warranted adding these additional causes of action to the Complaint.

"An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of ... 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability". 15 U.S.C.A. § 1681p. "The following actions and proceedings must be commenced within two years ... An action for

---

[2] 15 U.S.C. § 1681 *et seq.*

9

taking, detaining or injuring personal property, including actions for specific recovery thereof ... [and] [a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter". 42 Pa. Stat. and Cons. Stat. Ann. § 5524(3), (7).

In this case, these additional causes of action are undoubtedly time barred. Each of the proposed causes of action have a two-year statute of limitations, as demonstrated above. In the Amended Complaint, Appellant states that he became aware of the conduct underlying this action in January 2013. See Amended Complaint ¶ 14. Thus, the statute of limitations would run for all these proposed causes of action in January 2015. Appellant did not even seek leave to file a Second Amended Complaint until February 25, 2015, past the statutory bar. Accordingly, the proposed causes of action were time barred and this Court correctly denied Appellant leave to file a Second Amended Complaint.

To the extent that Appellant relies upon the discovery rule to extend the statute of limitations, Appellant's reliance is misplaced. "The discovery rule is a judicially created device that tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured; and (2) that his injury has been caused by another party's conduct." K.A.R. v. T.G.L., 107 A.3d 770, 779 (Pa. Super. 2014) (citation omitted). "The commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.'" Id. at 779–80. "For the statute of limitations to run, a plaintiff need not know the 'exact nature' of his injury, as long as it objectively appears

10

that the plaintiff is reasonably charged with the knowledge that he has an injury caused by another." Klein v. Commerce Energy, Inc., 256 F. Supp. 3d 563, 590 (W.D. Pa. 2017).

In this case, Appellant asserts that since he discovered additional alleged wrongdoing by Appellee during discovery in January 2015, the statute of limitations of these proposed causes of action did not begin to run until that day. However, it is evident by Appellant's own filings that Appellant was aware of the injuries he alleged before January 2015. Appellant's Amended Complaint, which details Appellant's allegations against Appellee, was filed in July 2014, half a year before Appellant supposedly learned new information in discovery. By July 2014, then, Appellant already knew of the injuries he alleged; by the Appellant's own admission, the information he purported to have learned in January 2015 only deepened and changed his knowledge of Appellee's supposed wrongdoing. *See* Motion for Leave to File Second Amended Complaint ¶¶ 4-5. Thus, the two-year statute of limitations for these proposed causes of actions began to run as soon as Appellant had the knowledge he pleaded he had in July 2014, and any further information he learned would not have changed the date at which the statute of limitations ran. Accordingly, this Court found that there was no basis to allow Appellant to file a Second Amended Petition.

## IV.    CONCLUSION

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this appeal are without merit.

BY THE COURT:

JEFFREY L. FINLEY, P.J.

DATE: *January 22, 2018*

11