J-S17010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PARIS LASHAWN HOWELL | : | |
| | : | |
| Appellant | : | No. 1382 WDA 2022 |

Appeal from the PCRA Order Entered August 22, 2022
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000084-2018

BEFORE:  LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  June 15, 2023**

Paris Lashawn Howell appeals from the order, entered in the Court of Common Pleas of Mercer County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> On November 7, 2017, [Howell] shot the seventeen-year-old victim in the buttocks during an armed robbery.  The Commonwealth filed a criminal information on March 9, 2018, charg[ing Howell] with attempted murder, aggravated assault, and robbery[].  Following trial, a jury convicted [Howell] of the robbery charge and found him not guilty of the remaining offenses.  On October 24, 2018, the court sentenced [Howell] to eight [] to twenty [] years' imprisonment.  [Howell] did not file a post-sentence motion or [a] notice of appeal.
>
> On October 30, 2018, [Howell] filed a *pro se* [PCRA] petition. . . . The court appointed counsel, who filed an amended petition.  On

June 27, 2019, the parties entered into a stipulation whereby [Howell] withdrew the pending PCRA petition, and the court reinstated [Howell]'s post-sentence and direct appeal rights. [Howell] subsequently filed a post-sentence motion *nunc pro tunc*, which the court denied on September 24, 2019. Again, [Howell] did not pursue a direct appeal.

On December 16, 2019, [Howell] filed another *pro se* PCRA petition. The court appointed [] counsel on January 14, 2020. Before [] counsel took any further action, the court reinstated [Howell]'s direct appeal rights by order entered [on] January 27, 2020.

[Howell] filed a notice of appeal *nunc pro tunc* on February 18, 2020.

*Commonwealth v. Howell*, 241 A.3d 409 (Pa. Super. 2020) (Table).

On direct appeal, Howell challenged the sufficiency of the evidence and his trial counsel's ineffectiveness. *See id.* On October 9, 2020, this Court affirmed Howell's judgment of sentence and determined that Howell could not challenge his counsel's ineffectiveness on direct appeal. *Id.* Howell did not file a petition for allowance of appeal in our Supreme Court.

On November 20, 2020, Howell filed a *pro se* PCRA petition. On December 3, 2020, Howell filed another PCRA petition. The PCRA court appointed counsel to handle both PCRA petitions. On January 15, 2021, the PCRA court ordered that counsel be granted copies of the transcripts and records. On February 25, 2018, counsel filed a motion to withdraw and a *Turner*/*Finley*[1] no-merit letter. On March 22, 2021, the PCRA court entered an order and opinion finding that Howell's claims lacked merit, granting

---

[1] *Commonwealth v. Turner*, 554 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

counsel's motion to withdraw, and issuing notice of its intent to dismiss Howell's PCRA pursuant to Pa.R.Crim.P. 907. *See* Order and Opinion, 3/22/21, at 1-7. Howell did not file a response and, accordingly, the PCRA court dismissed his petition.

On August 27, 2021, Howell filed a *pro se* PCRA petition, his third. On September 1, 2021, the PCRA court dismissed Howell's petition as untimely, and advised him of his right to appeal. Howell did not appeal. Instead, on October 18, 2021, Howell filed a *pro se* PCRA petition, his fourth. On October 19, 2021, the PCRA court dismissed Howell's fourth petition as untimely, and advised him of his right to appeal. Howell did not appeal.

Instead, on January 12, 2022, Howell filed *pro se* PCRA petition, his fifth. On January 25, 2022,[2] the PCRA court again concluded that Howell's petition was untimely, and also determined that Howell's claim had been previously litigated in his November 20, 2020 PCRA petition. *See* Order and Opinion, 1/25/22, at 1-3. Howell did not file an appeal.

On August 19, 2022, Howell filed the instant *pro se* a PCRA petition, his sixth, in which he alleged that the PCRA court's determinations regarding the untimeliness of his prior PCRA petitions were in error. *See* PCRA Petition, 8/19/22, at 1-5. Simultaneously, Howell filed in this Court a "Motion for Post Conviction Collateral Relief," in which he stated that the PCRA court "manipulated [him] into believing that [his] remedies of appeal were

---

[2] The record does not indicate that this order was ever served on Howell.

exhausted." Motion for Post Conviction Collateral Relief, 8/19/22, at 1. This Court directed that this motion be filed in the trial court, as Howell had not appealed from a final order.

On August 22, 2022,[3] the PCRA court denied the instant petition, noting that Howell had failed to appeal the orders he now claims are erroneous, and incorporated its January 25, 2022 order and opinion. **See** Order, 8/22/22 at 1. On September 19, 2022, Howell filed a notice of appeal, in which he indicated that he appeals "from the decision of the [PCRA court], dated January 24, 2022, . . . dismissing [Howell]'s petition for [PCRA] relief on August 22, 2022." Notice of Appeal, 9/16/22, at 1. That notice of appeal was docketed in this Court at 1078 WDA 2022.

On October 11, 2022, this Court issued a Rule to Show Cause directing Howell to explain why his appeal should not be quashed as a single appeal being improperly taken from multiple final orders at the same trial court docket. **See** Rule to Show Cause, 10/11/22, at 1; Pa.R.A.P. 904(a) (notices of appeal shall contain date of order from which appeal taken); **see also TCPF Ltd. Partnership v. Skatel**, 976 A.2d 571, 574 n.4 (Pa. Super. 2009) ("taking one appeal from separate judgments is not acceptable practice and is discouraged").

Howell filed a response, wherein he stated that he was unfamiliar with the appellate process and has no means of obtaining legal assistance. **See**

---

[3] The record does not indicate that this order was ever served on Howell.

Response, 11/17/22, at 11. On November 18, 2022, this Court directed Howell to file two amended notices of appeal in the court of common pleas, each referencing a separate order. Howell complied on November 30, 2022. In his first notice of appeal, docketed at 1078 WDA 2022, Howell appealed from the PCRA court's January 25, 2022 order dismissing his fifth PCRA petition.[4] In his second notice of appeal, docketed at the above-captioned 1382 WDA 2022, Howell appealed from the PCRA court's August 22, 2022 order dismissing his August 19, 2022 PCRA petition.

Both Howell and the PCRA court have complied with Pa.R.A.P. 1925. Howell now raises the following claims on appeal:

[1.] Whether trial counsel was ineffective given the facts and circumstances of this case such that his adjudication was unreliable[.]

[2.] Whether [Howell] was deprived of his rights of having access to his [d]iscovery so that he may be able to fight for himself in a fair trial[.]

[3.] Whether the sister's interference [with] identification determines an unfair identification procedure according to the Pennsylvania laws in the procedure of identification[.]

Brief for Appellant, at 5.

Preliminarily, we note that there appears to be confusion on the part of both the PCRA court and the Commonwealth as to what order Howell has appealed. *See* PCRA Court Opinion, 12/30/22, at 1-4 (unnumbered) (indicating Howell was informed of appellate rights in October 2021, and, thus,

_____

[4] Ultimately, Howell's appeal docketed at 1078 WDA 2022 was dismissed for failure to file a brief. *See* Order, 3/21/23, at 1.

- 5 -

appeal is untimely as it exceeds 30-day limit under Pa.R.A.P. 903(a)); Commonwealth's Brief, at 11-15 (claiming Howell's instant PCRA petition is an amended PCRA petition, Howell was not permitted to file amended PCRA petitions, and, thus, notice of appeal is untimely). Simply put, these legal conclusions are erroneous. Neither the PCRA court nor the Commonwealth cite to controlling precedent for these assertions. Rather, they appear to rely on a misreading of the record.

It is clear that Howell did file a corrected notice of appeal, as directed by this Court, from the August 22, 2022 order dismissing the instant PCRA, his sixth; his appeal is **not** from the October 2021 order dismissing Howell's fourth petition. Moreover, to the extent that the Commonwealth contends that Howell was not permitted to file amended PCRA petitions, we agree, but note that Howell's instant petition was not an amended petition. Indeed, as detailed *supra*, each of Howell's petitions was filed as a new petition. None of Howell's petitions purported to amend the others and, consequently, each petition was, respectively, either denied or dismissed by the trial court. Thus, Howell's subsequent petitions constituted **new**, not amended, PCRA petitions.

Importantly, the PCRA court's August 22, 2022 order denying Howell's sixth PCRA petition was a final order from which he could file an appeal. ***See*** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."). Accordingly, Howell filed a timely appeal

from the PCRA court's August 22, 2022 order denying his sixth PCRA petition. **See** Pa.R.A.P. 903(a) (providing notice of appeal be filed within 30 days).

Next, we address the timeliness of Howell's instant PCRA petition. "On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Martin**, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Howell's judgment of sentence became final, for the purposes of the PCRA, on November 9, 2020, when the time expired for filing a petition for allowance of appeal with our Supreme Court. **See** 42 Pa.C.S.A. §§ 9545(b)(1), (3); Pa.R.A.P. 1113(a) (providing petition for allowance of appeal must be filed within 30 days); **see also Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007) ("It is now well[-]established that a PCRA petition brought after an appeal *nunc pro tunc* is considered [an] appellant's first PCRA petition, and the **one-year time clock will not begin to run until**

**this appeal *nunc pro tunc* renders his judgment of sentence final**.")
(citation omitted) (emphasis added). Thus, Howell had until November 9,
2021, to file a timely petition under the PCRA.[5] ***See*** 42 Pa.C.S.A. §§
9545(b)(1), (3). Howell's instant petition was filed on August 19, 2022, over
9 months later. Thus, it is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the
petitioner can explicitly plead and prove one of the three exceptions set forth
at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation of the
> claim in violation of the Constitution or laws of this Commonwealth
> or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to
> the petitioner and could not have been ascertained by the exercise
> of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized
> by the Supreme Court of the United States or the Supreme Court
> of Pennsylvania after the time period provided in this section and
> has been held by that court to apply retroactively.

***Id.*** Any petition invoking one of these exceptions "shall be filed within one
year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

---

[5] We note with concern that the PCRA court's orders dismissing, as **untimely**
under the PCRA, Howell's third and fourth PCRA petitions, filed on August 27,
2021, and October 18, 2021, respectively, appear to be erroneous. Howell
had until November 9, 2021, to file a timely PCRA petition, including **second
or subsequent** petitions. ***See*** 42 Pa.C.S.A. §§ 9545(b)(1), (3); ***Fowler***,
***supra***. Nevertheless, Howell was properly informed of his right to appeal
within 30 days of those decisions, but he chose not to do so. ***See*** Order,
9/1/21, at 1; Order, 10/19/21, at 1.

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Howell does not plead, let alone prove, any exception to the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to review Howell's untimely sixth PCRA petition, and, thus, we affirm the PCRA court's order dismissing his petition. ***See Albrecht***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/15/2023